Thomas v. Maloney.

KATE THOMAS, Appellant, v. EFFIE MALONEY, individually, and EFFIE MALONEY as Executrix of the estate of Basley W. Malone, Deceased, Respondent.

**Kansas City Court of Appeals, February 7, 1910.**

1. **PARENT AND CHILD: Adoption: Oral Promise: Equity.** Equity will decree an adoption and its resultant rights in cases where no statutory adoption exists, when to do otherwise would result in palpable injustice.

2. **————: Statutory Construction.** Although adoption was unknown to the common law, and statutes in derogation of the common law are to be strictly construed, this rule of strict construction does not apply to the act of adoption itself.

3. **————: Performance: Pretermitted Heir.** Where there has been an oral agreement of adoption followed by performance by the child of her part of the agreement the child is entitled to inherit as though formally adopted, and if the adoptive parent has forgotten her in his will, she will be accorded the right given by law to a pretermitted heir.

4. **EQUITY.** Equity treats as done that which ought to have been been done.

Appeal from Howard Circuit Court.—*Hon. Alex. H. Waller,* Judge.

REVERSED AND REMANDED.

*Aubrey R. Hammett* for appellant.

(1) The real parents having carried out their part of the agreement to adopt and the child having lived up to it, equity puts her on equality with regularly adopted child, so far as rights of inheritance are concerned. Steele v. Steele, 161 Mo. 573; Wright v. Tinsley, 30 Mo. 389; Sharkey v. McDermott, 91 Mo. 649; Healey v. Simpson, 113 Mo. 346; Teats v. Flanders,

142 App—13

118 Mo. 660; Nowack v. Berger, 133 Mo. 24; Alexander v. Alexander, 150 Mo. 579; Gupton v. Gupton, 47 Mo. 37; Sutton v. Hayden, 62 Mo. 101; Lynn v. Hockaday, 162 Mo. 111. (2) This child being upon an equality with a regularly adopted child, and a regularly adopted child being upon an equality with a natural born child so far as the right to inherit is concerned, not being referred to in the will of the foster parent, must have been forgotten, and is therefore a pretermitted heir. Morgan v. Stewart, 122 Mo. 299; Hockaday v. Lynn, 200 Mo. 464; Steele v. Steele, 161 Mo. 573; R. S. 1899, sec. 4611; Fosburgh v. Rogers, 114 Mo. 122.

*John R. Hairston* and *W. M. Williams* for respondents.

(1) Section 4611 includes only legitimate, natural born children and those legally adopted. It is only when the deceased "leaves a child or children, or descendants of such child or children, in case of their death, not named or provided for" in the will, that such child or children must be treated as pretermitted heirs. The statute cannot be extended by construction beyond its plain terms. R. S. 1899, sec. 4611; Davis v. Fogle, 23 N. E. 860; McCulloch's Appeal, 6 Atl. 253; Kent v. Barker, 68 Mass. 535. (2) The right of adoption was unknown to the common law, and is purely statutory, and to constitute a legal adoption, the statute must be complied with. Hockaday v. Linn, 200 Mo. 456; Sarazin v. Railroad, 153 Mo. 485; Ex parte Clark, 25 Pac. 967; Tyler v. Reynolds, 4 N. W. 902; Healy v. Simpson, 113 Mo. 340. (3) If the plaintiff was a child of the deceased, natural born or legally adopted, there would be no occasion for a suit of this character. Her rights in the personal estate could be adjudicated upon the settlement of the estate in the probate court, and in the real estate by a proper proceeding in partition. A suit to set aside the will is improper. Schneider v.

Koester, 54 Mo. 500; Ross v. Ross, 123 Mass. 212. (4) No precedent for plaintiff's claim has been cited. The very fact that section 4611 has been upon the statute book for years, and no such right as that now set up has been asserted, is persuasive evidence that it does not exist, and that the statute is not susceptible of the construction sought to be given it. Venable v. Railroad, 112 Mo. l. c. 125; Westerman v. Knights of Pythias, 196 Mo. 670. (5) An agreement for the adoption of a child and to leave property to it, when fully performed by the child, may be enforced in equity. This is not on the ground that the child had been legally adopted, but because a contract to leave property to the child, when fully performed on its part, may be enforced in equity. 1 Ency. of Law (2 Ed.), 728.

JOHNSON, J.—This is an action in equity, the object of which is to obtain a decree that plaintiff is a pretermitted heir of Basley W. Malone who died testate in Howard county, and is entitled to share in his estate. Defendant demurred to the petition on the ground that the facts alleged therein fail to constitute a cause of action. The demurrer was sustained and plaintiff, refusing to plead further, brought the cause here by appeal.

Briefly stated, the facts alleged in the petition are as follows: Plaintiff, the daughter of Alex and Caroline Malone and niece of Basley W. Malone, was born in 1859. Her parents had a large family and were poor. Her uncle, who had been married five or six years, had no children and was in good pecuniary circumstances. Plaintiff's mother survived her birth only two weeks and in contemplation of death besought Basley and his wife to adopt her newborn child. They consented on condition that Alex, the father, would renounce all claims to his child. Alex made the required promise and Basley and his wife agreed with the dying woman to adopt plaintiff.

The statutory requirements necessary to a legal adoption were not performed but immediately following the death of plaintiff's mother, Basley and his wife took plaintiff to their home and, thereafter, cared for and treated her as their child. They reared her in the belief that she was their child and it was not until she reached the age of twelve years that she learned from others the true facts about her parentage. Basley and his wife then assured her that she was their adopted child and that they would always consider and treat her as their own daughter. They told her—and she believed the statement—that they had legally adopted her. The father of plaintiff observed his promise not to assert any parental rights over her and she lived with her foster parents until she was twenty-five years of age, rendering to them the filial love and duty a daughter owes her natural parents. Then she married and, thereafter, lived with her husband. Plaintiff's foster mother died childless in 1890 leaving her estate to her husband. He remarried and his second wife died childless in 1900. Afterward, he married the defendant and, some years later, died without issue. He left a will in which he gave all of his property to defendant, his widow, and failed to mention plaintiff.

Though the petition alleges that Basley Malone and his wife agreed that they would legally adopt plaintiff, it does not specifically state they agreed to make plaintiff their heir. Doubtless the absence of such promise was what prompted the trial court to sustain the demurrer to the petition. Plaintiff argued that since she fully performed the contract made for her benefit by her dying mother, equity will enforce that contract though it falls short of meeting the statutory requirements relating to the adoption of children and, treating her as though she were a lawful child of decedent, will recognize her statutory rights as a pretermitted heir. [Section 4611, R. S. 1899.]

The courts of this State, under certain circumstances, have enforced oral contracts of adoption and it may be considered as settled that equity will decree an adoption and its resultant rights in cases where no statutory adoption exists when to do otherwise would result in palpable injustice. Adoption was unknown to the common law, and statutes in derogation of the common law are to be strictly construed. But the rule of strict construction is not extended to the act of adoption itself. [Hockaday v. Lynn, 200 Mo. 464.] And "since the statute has made the adoption of a child lawful, the law, for the same reasons that it sometimes enforces oral contracts affecting real estate, will not allow the mere failure of one party to do his duty to work an irreparable wrong to one who has fully performed his part. This court, for that reason, has not only held an oral contract for adoption valid, but has also required fulfillment of a collateral agreement of the adopting parent to leave the adopted child his estate at his death." [Lynn v. Hockaday, 162 Mo. 1. c. 125; Sharkey v. McDermott, 91 Mo. 647.]

The contract for the benefit of plaintiff made by her mother was valid in equity and when plaintiff performed it and her foster parents received the benefit of her performance she became, in equity, their adopted child. Equity will treat as done that which ought to have been done, and as Basley in his lifetime would not be heard to repudiate the obligation of a contract of which he had received the full benefit, neither will his executors be allowed to stand on ground so inequitable.

Defendant argues: "An agreement for the adoption of a child and to leave property to it when fully performed by the child may be enforced in equity. This is not on the ground that the child has been legally adopted, but because a contract to leave property to the child, when fully performed on its part, may be enforced in equity." [Citing 1 Ency. of Law (2 Ed.),

728, which refers to Healey v. Simpson, 113 Mo. 340.] In that case the contract, by which it was proposed to adopt the child, provided "that they (the adopting parents) will govern, educate, maintain, and in all respects treat said child as though she were their own natural offspring; and it is further agreed that said Evangeline Brewster shall have and inherit from the estate of said parties of the second part in the same manner and to the same extent that a child born of their union would inherit." In effect, this meant that in adopting the child they would give it the status of an issue of their own bodies—no more, no less. A statutory deed of adoption would have conferred on the child these precise rights and nothing more. [Chap. 90, R. S. 1899.] Without any specific agreement to that effect, a child legally adopted will inherit from its adoptive parents in like manner as their lawful issue. [Moran v. Stewart, 122 Mo. 295; Moran v. Stewart, 132 Mo. 73.] This being true, a contract to adopt carries the incidental right of heirship which, as in the case of a natural child, may be cut off only by the will of the adoptive parent in which the adopted child is mentioned.

It follows from what we have said that the controlling consideration in Healey v. Simpson, *supra,* was not, as we have shown, the incidental promise that the adopted child would inherit as though she had been born of her adoptive parents, but was the agreement to adopt the child, and the subsequent performance by the child of her part of the agreement. In the later case of Lynn v. Hockaday, 162 Mo. 111, the oral contract to adopt did not mention the rights of the child as an heir, and still that contract was enforced. So the contract in the present case should be enforced. The blessings which only a child can bring to a home were bestowed on a childless couple by plaintiff's performance of the contract made by her mother for her benefit. Plaintiff is entitled to her reward and since

she was forgotten in her adoptive father's will, she must be accorded the rights given by law to a pretermitted heir. The demurrer to the petition should have been overruled. On proof of the facts alleged in her petition, plaintiff should have a decree declaring her status as an heir.

The judgment is reversed and the cause remanded. All concur.