[L. A. No. 7310. In Bank.—February 27, 1923.]

In the Matter of the Estate of FRANCIS S. TAGGART, Deceased. EDNA TAGGART BOLAND, Appellant, v. ANNA BELLE TAGGART et al., Respondents.

[1] ESTATES OF DECEASED PERSONS—CONTRACT FOR CUSTODY AND CARE OF MINOR—HEIRSHIP—ADOPTION.—Where the father of a minor child, whose wife had died, entered into an agreement with a husband and wife by which the former committed to the latter the legal custody and care of the child and they agreed to nurture, maintain, provide for, and educate it according to their ability, means, standing, and position in life, and that in case of the death of the wife the child's father should have the right to retake it upon reimbursing the husband for moneys expended and expenses incurred by him for all reasonable costs in caring for the child, and it was further provided that in case of the death of the father, the husband and wife, or survivor, would adopt the child, and the child lived with and was cared for by the husband and wife until after she reached her majority and neither her father nor the wife died until after that time, and no formal statutory adoption existed, the child was not entitled to any part of the husband's estate under the claim that she was an adopted daughter and heir at law or on the theory of estoppel *in pais*, notwithstanding she was allowed to believe until the husband's death that she was an adopted daughter.

---

1. Right of adopted children to inherit, note. 118 **Am. St. Rep.** 684.

[2] ADOPTION — COMMON LAW—STATUTORY PROCEEDING—PROOF OF.— The adoption of one person by another was unknown to the common law and is purely statutory, and one claiming that an adoption has been accomplished must show that every essential requirement has been complied with.

[3] ID.—MINORS—ADULTS.—The statute of California provides only for the adoption of a minor child and no provision is to be found for the adoption of one adult by another.

APPEAL from an order of distribution of the Superior Court of Los Angeles County. James C. Rives, Judge. Affirmed.

The facts are stated in the opinion of the court.

James S. Bennett for Appellant.

Carnahan & Clark and James W. Hyde for Respondents.

SEAWELL, J.—Petitioner, Edna Taggart Boland, sought to have distributed to her by the probate court of Los Angeles County the whole of decedent's estate, inventoried at the sum of $45,426, under the provisions of section 1307 of the Civil Code, claiming said estate as an adopted daughter and only heir at law of Francis S. Taggart, deceased, who unintentionally omitted her in his will. The court decided adversely to petitioner and its decision is here for review.

The court's findings are that Francis S. Taggart died on the third day of December, 1919, leaving a will, which was duly admitted to probate. Anna Belle Taggart, a sister of decedent, was made the sole legatee and devisee under said will. William Herbert Taggart, a brother of decedent, was named sole executor. At the time he executed said will and thereafter until his death decedent was a resident of the county of Los Angeles, state of California.

[1] Petitioner, Edna Taggart Boland, was born on the nineteenth day of March, 1876, the only issue of the marriage of Benjamin F. Jordan and Harriett Loretta Jordan, residents of the state of Illinois. Said Harriett Loretta Jordan died in the state of her residence in 1880. Thereafter, and on the eleventh day of July, 1881, said Benjamin F. Jordan and Francis S. Taggart and Minerva Taggart, his wife, joined in the execution of an agreement by the

terms of which Benjamin F. Jordan committed to Francis S. Taggart and his wife, Minerva, the legal custody and care of said child, Edna Lucinda Jordan, who was the only child of said Benjamin F. Jordan, and said Taggart and his wife agreed with the father of said minor that they would nurture, maintain, provide for, and educate said child according to their ability, means, standing, and position in life. It was further provided that in the case of the death of said Taggart's wife, the father, Benjamin F. Jordan, should have the right to ''retake and repossess to himself'' his said child upon reimbursing said Francis S. Taggart for moneys expended by him for all reasonable costs, charges, and expenses incurred in and for the care, custody, maintenance, and education of said child, if he should upon the happening of this contingency retake said mentioned child into his custody and charge. It was also further agreed that in case of the death of Benjamin F. Jordan that the said Francis S. Taggart and his wife, or the survivor of either, would forthwith proceed according to the laws of the state of Illinois to adopt said child as their own, or if one should be dead, as the child of the survivor. It is also a part of the findings that said Francis S. Taggart and Minerva Taggart, his wife, expressed a desire to adopt petitioner, and that petitioner being then of the age of about four years went to live with said Taggart and his wife and was given and assumed their name, became a member of the family, was entered in the public schools and Sunday-schools of the family church as their daughter, and was supported, maintained, and educated by them as their daughter from the time of the agreement until the death of Minerva Taggart, which occurred on January 2, 1900. After her death the relation between petitioner and Francis S. Taggart continued as it had existed in the past until petitioner's marriage, which was solemnized December 11, 1901, with the sanction of said Francis S. Taggart. It is also related that after said marriage, petitioner and her husband made their home for a time with said Taggart, at the latter's request. It is an admitted fact that said Francis S. Taggart and his wife treated petitioner in all respects as a parent should treat a natural child and in turn she rendered unto each of them the affection, society, and services attending that relationship. Some time after her re-

ception into the Taggart family, and during the life of Francis S. Taggart and his wife, petitioner was informed by them and believed that she was their legally adopted daughter and did not know until after the demise of Francis S. Taggart that she had not been legally adopted as their child. Benjamin F. Jordan, the father of petitioner, died in Chicago, state of Illinois, on May 1, 1903, about two years after his daughter's marriage. The court also found that under the laws of the state of Illinois a female person ceased to be a minor and attained her majority upon attaining the age of eighteen years, and that neither said Francis S. Taggart nor his wife, nor the said Francis S. Taggart after his wife's death, proceeded to or attempted to adopt petitioner as their child in accordance with the statutory law of said state or of any state. It further found that the last will and testament of said decedent, Francis S. Taggart, failed to provide for said petitioner or to name her therein, and that there was not at any of the times mentioned in the petition any statute or law in the state of Illinois providing that a person omitted from the last will of his or her natural or adopted parent was entitled to that portion of such parent's estate which he or she would have inherited had such parent died intestate, and that the laws of Illinois permitted a testator to disinherit a child of the blood or an adopted child by omitting to mention or provide for such child in his last will or testament. By its findings the court decreed that the testator left surviving neither wife nor issue of his blood, nor any adopted child, nor any descendant of such issue or of any adopted child. As a conclusion of law from the foregoing facts the court found that petitioner, Edna Taggart Boland, is not an heir at law of Francis S. Taggart, deceased, and therefore not entitled to any portion of his said estate as an heir at law or as a pretermitted child of said decedent and thereupon denied her petition. Judgment was entered accordingly.

The contract upon which the action has its inception was made in the state of Illinois where the parties then resided and where they continued to reside until about the year 1901, when the principal actors removed to this state.

It is the admission of petitioner that no formal statutory adoption exists in her favor. Her claim seems to be that an estoppel *in pais* should be invoked in her favor on the

untenable theory that petitioner has been misled by the declarations and conduct of the Taggarts or that some species of fraud has been committed against her by them jointly or separately. No dispute exists as to the facts of the case and we feel satisfied that the authorities cited by petitioner have no application to the statement of facts as related in the record. No question arises in the instant case of a promise or agreement broken to execute a will in another's favor or in fact a violated promise to adopt a child, or a promise to convey property for the benefit of another upon condition that the promisee would change his or her situation or station in life for the benefit of the promisor, nor are there any facts present in this case such as undoubtedly controlled the decisions in the cases cited of the character of *Rogers* v. *Schlotterback*, 167 Cal. 37 [138 Pac. 728], and others involving questions of fraud, mistake, and kindred questions. The rights of the parties in the instant case are defined and limited by the clear terms of a written contract about which no doubt can exist as to the intention of the parties. Undoubtedly, it was the wish and hope of Francis S. Taggart and his wife to have fully adopted the petitioner while she was in her minority. The father, Benjamin F. Jordan, however, having recently lost his wife by death, was attempting to restore as far as humanly possible the motherly love, care, and protection that every right feeling man would wish his infant daughter to enjoy or possess. Clearly, it was no mercenary thought as to future financial benefits or inheritable possibilities that moved the father to place the custody of his daughter with the Taggarts, but rather it was his desire that she might enjoy the advantages of a wholesome home life which he was not in a situation to supply. He seems in this respect to have been guided by a high and commendable purpose and, true to paternal instinct, he was not willing to surrender absolutely all possible control of his only child so long as he should live. He was not willing that another should in a full sense be substituted in his place. By his contract he reserved the right at any time upon the death of Minerva Taggart to resume the care, custody, and control of his child by paying to Francis S. Taggart all reasonable charges and expenses incurred by him in the care and maintenance of said child. This provision shows very clearly that he desired for his daughter, without

losing the right to regard her as such, the influence and direction of a woman to take the place of a mother, but at no time did he consent to the adoption of his child while he was in life.

Petitioner has invoked the familiar maxim that equity will treat as done that which ought to have been done, but there is nothing presented by the case at bar upon which the well-known and favored rule may operate. There is nothing of fraud, deceit, or mistake in the case. What is there that should have been done or could have been done that was not done? Surely Francis S. Taggart could not have ruled the fates of men. Only upon the death of Jordan during the period of Edna's minority would it have been legally possible for the Taggarts to have adopted her. [2] The adoption of one person by another was unknown to the common law. The right to adopt a child and the right of a person to be adopted as a child of another are wholly statutory. He who claims that an act of adoption has been accomplished must show that every essential requirement has been complied with. (*Estate of Sharon,* 179 Cal. 447 [177 Pac. 283]; *Estate of McCombs,* 174 Cal. 211 [162 Pac. 897]; *Ex parte Clark,* 87 Cal. 641 [25 Pac. 967]; *Estate of Johnson,* 98 Cal. 531 [21 L. R. A. 380, 33 Pac. 460]; *In re Stevens,* 83 Cal. 331 [17 Am. St. Rep. 252, 23 Pac. 379].) The right being entirely a creature of the statute we must necessarily look to the statute alone for the authority to adopt and if not expressed it cannot legally exist.

[3] The statute of California provides only for the adoption of a minor child and no provision is to be found for the adoption of one adult by another. (Sec. 221 et seq., Civ. Code.) Neither is there to be found authority in the laws of Illinois permitting the adoption of adults. (*Bartholow* v. *Davies,* 276 Ill. 505 [114 N. E. 1017].) Thus, it will be seen that at no time after the execution of the contract giving the custody of petitioner to the Taggarts was it legally possible for Taggart to have adopted petitioner. At the time Minerva Taggart died petitioner had passed the age of twenty-three years. Petitioner was of the age of twenty-seven years at the time Benjamin F. Jordan, her father, died. Her age at the time of her marriage was twenty-five years. So it will be seen that there was no time when an adoption was possible. The father at no time gave

his consent and surely it will not be contended that under the terms of the agreement petitioner could have been regarded as an abandoned child under the statute of this state or by the laws of any other state of which we are advised.

The cases relied upon by petitioner, as observed earlier in this opinion, are not in point. *Thomas* v. *Maloney,* 142 Mo. App. 193 [126 S. W. 522], presents a question of the enforcement of an oral contract of adoption; *Barney* v. *Hutchinson,* 25 N. M. 82 [177 Pac. 890], is an action to enforce a similar promise or agreement. In the latter case the adoptive parent agreed that upon receiving the child into his custody he would *immediately* adopt it. This was not done. *Rogers* v. *Schlotterback, supra,* was an action to specifically enforce an oral contract made by the promisor in favor of the promisee to the effect that the former would make the latter an heir to share in his estate equally with his own issue. *Estate of McCombs, supra,* reaffirms well-established legal principles governing the law of adoption and inheritance, but offers nothing especially favorable to petitioner's claim. *Steinberger* v. *Young,* 175 Cal. 81 [165 Pac. 432], announces the doctrine that a contract to dispose of property upon death in a particular way may under proper conditions be specifically enforced. The legal principles recited in these cases cannot be combated. They have, however, no application to the facts of the present case.

We are unable to understand how petitioner could have been prejudiced by the agreement made by her father with the Taggarts. It has been suggested that she should have been informed by the Taggarts that she was not their adopted child, and it is also stated, as though the fact had some significance, that had she known she was not the adopted child of the Taggarts she would have been able to have named her guardian upon arriving at the age of fourteen years. Just what advantage may have accrued to her from such knowledge is not made clear. Her father was her natural guardian and surely no one would have been permitted to adopt her without his consent. It has not been suggested that he was an improper person to have the care, custody, and control of his natural daughter. From aught that appears in the record it must be presumed that he possessed the requisite qualifications. Whether petitioner

knew that Benjamin F. Jordan was her father and was advised by him is not shown by the record. In this respect we are only told that she had been informed that she was the adopted daughter of the Taggarts, no further reference being made as to her relations with or knowledge of her said father. She was, however, past twenty-seven years of age at the time of his demise.

In a review of the whole situation we are satisfied that Francis S. Taggart discharged every legal and moral obligation that rested upon him and there can be no imputation that he violated any duty or promise made either to the father of petitioner or to petitioner herself. If, as a fact, he led her to believe that he and his wife were her adopted parents it was doubtless done that discipline might be more complete and mutual respect and domestic tranquillity be better preserved.

Our conclusion being that the petitioner is not the adopted child of Francis S. Taggart and his wife Minerva, or either, it becomes unnecessary to discuss the question as to whether the testator had petitioner in mind when he omitted to provide for her in his will and that such omission was intentional.

The decree is affirmed.

Lennon, J., Wilbur, C. J., Myers, J., Kerrigan, J., Lawlor, J., and Waste, J., concurred.