**HILT et al. v. HOOPER et al.**

No. 11883.

Court of Civil Appeals of Texas. Galveston.

May 29, 1947.

Rehearing Denied June 19, 1947.

Hoyo & Wideman and John C. Hoyo, all of San Antonio, for appellants.

C. M. Hightower and W. B. Browder, Jr., both of Houston (Vinson, Elkins, Weems & Francis, of Houston, of counsel), for appellees.

GRAVES, Justice.

This statement of the case, approved by the appellees as being substantially correct, was taken from the appellants' brief:

Gus Hilt died in Houston, Harris County, Texas, on October 20, 1944. His wife, Hattie Hilt, predeceased him, on August 28, 1944, testate, leaving all of her property to her husband, Gus Hilt, and same was duly probated in the County Court of Harris County, Texas. The last will and testament of Gus Hilt, was admitted to probate by the County Court of Harris County, Texas, in cause #35,398 on November 20, 1944. Said will named his wife, Hattie Hilt, who had predeceased him, as Independent Executrix, and provided, among other things, that: "All the remainder of my property both real and personal, after the payment of all my just debts, including the expenses of my last sickness and burial and the probating of my last will, I do hereby give, devise and bequeath unto my beloved wife, Hattie Hilt, in fee simple."

Mrs. Constance E. Hooper, appellee, was appointed and qualified as Administratrix, with the Will Annexed, of said estate. On August 22, 1946, said administratrix filed her final account, together with her application for partition and distribution of the residue of said estate to her alleging that she was entitled to said estate.

Because the sole legatee named in said will predeceased the said Gus Hilt, all of his estate is distributable under the laws of descent and distribution. If appellee, Mrs. Constance E. Hooper, is the adopted child of said Gus Hilt, then she is entitled to all of said estate. If she is not the adopted child of said deceased, as contended by appellants, then appellants are the sole surviving heirs at law of said deceased.

On September 23, 1946, the county court of Harris County, approved the final account of the administratrix, and ordered the residue of said estate distributed to the appellee, Mrs. Constance E. Hooper. The appellants herein appealed from the said decision to the district court of Harris County, which thereafter in all things affirmed such judgment of the county court.

The appellees thus qualified their approval of the quoted statement:

"* * * however, the appellees * * * did not contend, nor did the trial court find, that there was a statutory adoption of appellee, Constance Hooper, by Gus and Hattie Hilt. The appellees' theory was—and the judgment of the trial court was based upon the theory—that appellants, as privies of Gus Hilt, Deceased, were in equity estopped to deny that Constance Hooper, (nee Constance Snyder), was entitled to the estate of Gus Hilt, as his adopted daughter."

In this court appellants present for reversal these two points of error:

"First.

"The evidence was insufficient to sustain a finding that Gus and Hattie Hilt agreed and contracted with Joseph E. Stark, or Judge J. R. Davis, County Judge, to adopt Constance Snyder.

"Second.

"The Court erred in concluding as a matter of law that the order finding Constance Snyder a dependent child does not deter from the effect of said agreement, and that appellants are estopped from asserting invalidity and want of adoption."

The substance of appellees' counterpoints may be thus, in brief, restated:

"First.

"Since the undisputed evidence shows, (1) that it was the purpose and intention of the Hilts to adopt Constance. Snyder, (2) that she and they in good faith believed she was their adopted daughter, (3) that they loved and cherished her, and she in turn loved and cherished them, and they and she performed the usual, reasonable, and necessary parental and filial duties, respectively, toward each other, and (4) that all things were done and performed by them to effect her adoption, save and except execution, acknowledgement, and recordation, of a written instrument of adoption; the appellants, as the brothers and sisters and nephews, are estopped to deny that appellee is entitled to have the estate of Gus Hilt, Deceased, distributed to her as his adopted daughter.

"Second.

"The evidence was not only sufficient, but impelled the finding of the trial court that Gus and Hattie Hilt agreed and contracted with Joseph E. Stark and Judge J. R. Davis, County Judge of Bexar County, Texas, to adopt Constance Snyder.

"Third.

"The undisputed evidence not only warranted, but impelled the trial court's conclusions of law that the contract and agreement of Gus and Hattie Hilt to adopt Constance Snyder was valid and enforceable in equity by Constance Snyder Hilt Hooper, as an adopted daughter and as such entitled to have the residue of the estate of Gus Hilt, Deceased, distributed to her, to the exclusion of appellants."

The trial court supported its judgment by findings of fact and conclusions of law, the most material ones of which—considered to be correctly summarized—may be thus quoted from the appellees' brief:

"Those of fact: Hattie Hilt, wife of Gus Hilt, predeceased him testate, and, by will duly probated, devised all of her property to Gus Hilt; that Gus Hilt died testate, leaving all of his property to his wife, Hattie Hilt, and naming her independent executrix; that Constance E. Hooper (Appellee) duly probated the will, qualified, and administered the estate as administratrix with the will annexed; that more than one year had elapsed from the qualification of Constance E. Hooper and that all debts had been paid and the final account of the administratrix and application for distribution of the estate had been duly filed; that proper service was had on the final account and application, and that the County Court approved the final account and ordered the distribution of the residue of the estate to Constance Hooper; that contestants, the appellants herein, excepted to the order of the County Court and gave notice of appeal and properly perfected an appeal to the said 127th District Court; that the contestants, appellants, were the sole and only brothers, sisters and nephews of Gus Hilt, Deceased, whose father and mother predeceased him; that Gus and Hattie Hilt had no children born to either of them; that the father of Constance E. Hooper (known as Constance Snyder until taken into the home of Gus and Hattie Hilt) was unknown to her, he having died in Washington, D. C., prior to Constance Snyder's mother's moving with her said daughter and son to San Antonio, Bexar County, Texas; that the mother of Constance Snyder was named Etta and married Joseph E. Stark, and that during said marriage Etta Snyder Stark and Joseph E. Stark, together, cared for and had custody and control over Constance Snyder; that Etta Snyder Stark died in San Antonio prior to April 10, 1918, leaving Constance Snyder with, and her care, custody and control to Joseph E. Stark, who continued to care for and control her, and who had assumed and was then in loco parentis to said child; that on April 9, 1918, in San Antonio, Texas, Joseph E. Stark, the step-father, and Gus and Hattie Hilt agreed and promised each with the other that Gus and Hattie Hilt would adopt Constance Snyder and rear and educate her as their own child; that on April 10, 1918, Joseph E. Stark, Gus and Hattie Hilt, and Constance Snyder, went before the County Judge of Bexar County, who made an order declaring Constance Snyder a dependent child, and that Gus and Hattie Hilt agreed with the County Judge that they would take, care for, and adopt Constance Snyder as their daughter; that they took her, where she lived in their home until she married on November 27, 1938, and that

they loved and cherished her as their own child and she loved and cherished them as her own parents, and that they performed all parental duties and responsibilities to said child, and she fully performed her obligation as a child to them; that she went by the name of Constance Hilt until she married, was educated by Gus and Hattie Hilt, and that they openly and notoriously recognized and held out Constance Hilt as their daughter, and Constance Hilt openly and notoriously recognized and held Gus and Hattie Hilt out to the public as her parents; that upon the death of Hattie Hilt, Gus Hilt moved into the house of Constance and her husband, H. D. Hooper, and there received from them services, love and affection until his death; that neither Joseph E. Stark nor any other person or persons other than Gus and Hattie Hilt exercised any parental control or authority over Constance Hilt after April 10, 1918; that Gus and Hattie Hilt loved and cherished Constance Hilt Hooper's child as their own grandchild, and openly and notoriously recognized and held him out to the public as their grandchild; that shortly after April 10, 1918, Gus Hilt made an affidavit and furnished same to the United States of America that he had adopted Constance Snyder, and, upon furnishing said affidavit, the United States of America ceased paying any dependency benefits to Constance Hilt as the child of Joseph E. Stark; that no statutory adoption instrument was executed, acknowledged, and recorded, by Gus Hilt or his wife, Hattie Hilt, in the Deed Records of Harris or Bexar Counties, Texas; that it was the purpose and intention of Gus and Hattie Hilt to adopt Constance Snyder, and they and Constance Snyder in good faith believed she was the adopted daughter, and in so believing they loved and cherished her and she loved and cherished them, and that they and she performed the usual, reasonable, and necessary services of parents and child, and all things were done that were intended to be done to effect the adoption, except the execution, acknowledgment, and recordation of a formal written instrument.

"Those of law: That the final account should be approved and the estate settled, the residue distributed and partitioned, and the estate closed; that appellee Constance E. Hooper and the appellants are the sole and only heirs of Gus Hilt, Deceased; that the agreement of Gus and Hattie Hilt to adopt Constance Snyder was valid and enforceable in equity by Constance Snyder Hilt; that appellants are estopped from asserting the invalidity and want of adoption proceedings of Constance Snyder Hilt Hooper by Gus Hilt, Deceased; that the order of the County Judge of Bexar County, Texas, of April 10, 1918, finding Constance Snyder a dependent child and awarding her custody to Gus Hilt and wife, Hattie Hilt, does not deter from the effect of the agreements made by Gus and Hattie Hilt to adopt Constance Snyder and the action taken pursuant thereto by Gus and Hattie Hilt, that appellee Constance E. Hooper is entitled to have the residue of the estate of Gus Hilt distributed to her to the exclusion of appellants, and that appellants own no interest in the estate of Gus Hilt, Deceased, and none of such estate should be distributed to them."

■ After careful examination of the statement-of-facts, this court is unable to agree with appellants' earnest contention that the evidence was insufficient to sustain the court's finding that the two Hilts contracted with Joseph E. Stark and County Judge, J. R. Davis, that they would adopt this appellee; to the contrary, this court finds the evidence to have been undisputed to that purport, or at least of such compelling character that the court could properly have arrived at no other finding.

Indeed, it would seem that what appellants really challenge is not the existence of such supporting evidence, but its legal effect—their most persistent presentment in that connection being an argument to the effect that what all those parties meant was merely an "adoption simply as a home for appellee, and not an adoption contemplated by the statutes in force at that time"; they re-urge the same thing, by slightly different verbiage, in this way: "A careful reading of what was said and done in the office of Judge Davis undeniably shows that it was not contemplated by any of the parties that Gus and Hattie Hilt were adopting appellee as an heir. The judgment of the Juvenile Court clearly and undeniably

shows that none of the parties contemplated such action."

It would be supererogatory to go with appellants into an extended discussion of that view upon their part, for the reason that, as already indicated in the quotation from the appellees' brief, they admitted there had been no statutory adoption; and the trial court, as just noted from its findings, specifically recited that no statutory adoption had been made, but grounded its judgment wholly upon its determination, instead, that there had been between the parties a contract to adopt appellee and a consummation of it in all other essential respects than the mere filing of a written agreement in the county records; wherefore, the correctnesss of the judgment rendered is determinable wholly upon whether or not what the parties actually did under the findings was a sufficient substitute in law for the statutory adoption that admittedly was not effected.

· Appellants frankly advise the court that they "have been unable to find any case exactly in point with the one at bar. It is submitted that the case of Howell, et al. v. Thompson, Tex.Civ.App., 190 S.W.2d 597, 600, by this Honorable Court, is nearer in point than any other, which appellants have been able to find." But an examination of the record in the Howell v. Thompson case shows that it had in its final adjudication little, if any, application to the facts so shown and depended upon for a right-of-action in the case at bar; that is, in the Howell case, there were neither pleadings nor proof that there was ever any agreement, express or implied, on the part of the alleged adoptive-parents to adopt the child there involved. On such a groundwork, this court announced the rule of law covering cases like the present one—to-wit, those based upon an agreement to adopt, by estoppel, rather than by conforming to an express statute—as follows:

"It is the contract, either oral or written, whether carried out in a manner according to law, or an omission so to do, or even a de facto compliance therewith, which gives rise to the doctrine of adoption by estoppel.

"It is the absence of such an agreement, which is totally missing from the evidence offered by appellants in this instance, that rendered their claim insufficient as a basis for the submission of an issue as to adoption to the jury."

█ Reverting, therefore, to the field of causes based on a claim of adoption by contract and resulting estoppel, rather than on a prescribed statutory or ceremonial one, it is not thought that there is any dearth of authority upholding them, even in Texas; on the contrary, it is concluded that there was shown, as the trial court held, a legal adoption in this instance of the appellee by the Hilts, within the purview of the doctrine of estoppel in pais, under these authorities: Cheney v. Coffey, 131 Tex. 212, 113 S.W.2d 162; Cubley v. Barbee, 123 Tex. 411, 73 S.W.2d 72; Grand Lodge, etc. v. Prater, Tex.Civ.App., 2 S.W.2d 500; Jones v. Guy, 135 Tex. 398, 143 S.W.2d 906, 142 A.L.R. 77; Holloway v. Jones, Mo. Sup., 246 S.W. 587.

Extended discussion of the matter is foreborne, because, irrespective of the divergences in the states-of-fact under which the rule of estoppel in pais is applied in the differing situations, the principle of law is so well woven into our jurisprudence, as the last cited holdings make manifest, that no useful purpose would be subserved by attempting to restate it. It is held, in a word, that this cause stands out as a proper instance for the application of that doctrine, in that it was founded upon a contract and agreement between the parties then having control of, and acting in loco parentis for, the child affected, by which she was, with at least the approval of the public authorities, to be adopted, not only as a resident in the home of her adoptive-parents, but as their child and heir in every proper and legal sense of that term, as the trial court's fully supported findings in such minute detail make plain.

Under the cited holdings of our Supreme Court, it matters little, if anything at all, that the contract to adopt was between third parties, because under the facts here, the child was shown to have so fully performed the obligations of it to the enduring benefit of the Hilts throughout its adolescence, which they likewise recognized and accepted, that the plain principles of the law of estoppel prohibited the latter and their privies from asserting the invalidity

of those proceedings. See Cheney v. Coffey, 113 S.W.2d 162, supra; 1 Am.Jur., page 632; also In re Taggart's Estate, 190 Cal. 493, 213 P. 504, 27 A.L.R. 1360 at page 1365.

Following the rule applied in the cited cases, and bringing this one within the clear reaches thereof, there was here convincing evidence of a contract to adopt, which was shown to have been carried out in every respect, except in the filing of the written declaration of an adoption in the records of Harris County, Texas; that being true, this cause was thereby brought within the sweep of the doctrine of estoppel that the trial court applied.

Neither is it thought that the trial court erred in holding that the order of the Bexar County court, adjudging the appellee a dependent child, did not "deter from the effect of the agreement made by Gus and Hattie Hilt to adopt Constance Snyder and the action taken pursuant thereto by them." This for the reason that, as was abundantly shown in this instance, the county court of Bexar County neither acquired, nor sought to exercise, any exclusive right to the care, custody, and control of the appellee; nor did that court have jurisdiction, power, or authority, to denude her of the inheritance she was due to so receive from the Hilts as her adoptive-parents.

Further discussion is deemed unnecessary, since these conclusions determine the merits of the appeal; the judgment will be affirmed.

Affirmed.