## RUENBUHL v. HOLLAND.
### No. 12398.

Court of Civil Appeals of Texas. Galveston.
June 12, 1952.

Henry W. Flagg, of Galveston, for appellant.

Dibrell, Dibrell & Greer, Chas. G. Dibrell, Jr. and Charles Brown, of Galveston, for appellee.

GRAVES, Justice.

This appeal is from a judgment of the 56th District Court of Galveston County, Honorable C. G. Dibrell, Judge Presiding, .without a jury, determining in final and substantial substance this:

That the appellee, James B. Holland, is the sole and only surviving heir at law of the said Wilhelmina E. Cassel, also known as Minnie E. Cassel, by virtue of being her adopted son by estoppel, and as such he is entitled to inherit under the laws of descent and distribution of the State of Texas all of her property, real, personal and mixed, of whatsoever nature and 'wheresoever situated.

The suit had been filed by the appellee, himself, in the County Court of Galveston County, Texas, under authority of Article 3590, Revised Civil Statutes of Texas, against the heirs at law, by blood relationship, of Mrs. Wilhelmina R. (Minnie E.) Cassel, deceased, one of whom was the appellant herein, seeking—against the contention of appellant, that no such adoption had ever been made,—to have himself declared to be the adopted son and heir of Mrs. Cassel and her husband, Charles H. Cassel, both then deceased.

The County Court had, likewise, rendered judgment in the appellee's favor. In this Court, on his appeal from the judgment so adverse to him, in the District Court, the appellant, at much length, through some 48 points of error, urges that the trial court's judgment was in error, and insists that no such adoption by estoppel, or any other way, nor any agreement or contract, to enter into any such an adoption, as was held to exist, had been shown; further, that the evidence was insufficient to support either the judgment itself, or the trial court's stated findings of fact in support thereof, that under the law, no valid adoption by estoppel had been shown, nor had any valid agreement to make one ever been made; further, that the court improperly overruled appellant's exceptions and objections to evidence it received, both oral

and documentary, in a number of recited particulars.

It would be supererogatory for this Court to undertake a detailed recitation of what is so detailed concerning all of the appellant's stated 48 points of error.

It is, therefore, deemed sufficient to say that appellant's ultimate contention is, as indicated, that the pleadings and evidence were not sufficient to establish any such adoption as the trial court declared, or to support its findings of fact in aid of its judgment to the contrary; and, further, that in arriving at such final conclusion, the trial court had reversibly erred in overruling a number of appellant's objections to certain oral, as well as documentary, evidence it received.

None of appellant's presentments, it is determined, should be sustained. Upon the contrary, this Court is constrained to hold that, under the well-settled law and procedure obtaining in this State, where there is a wealth of authority on the adoption by estoppel doctrine, that the appealed-from judgment constituted the valid adjudication of one.

As recited, the Court filed extended findings of both fact and law, none of which does this Court find to be without support in the evidence and the law, as appellant so urges. Indeed, it is concluded that the Court's first five findings of fact comprehensively meet the test of what constitutes an adoption by estoppel in Texas, as declared by our Supreme Court in Cavanaugh v. Davis, Tex., 235 S.W.2d 972, 974. Not only so, but after careful examination of the statement of facts, this Court is unable to find any lack of support in the evidence for such findings. They are accordingly, thus, in substance, copied:

### No. 1

That on or about October 1, 1914, Charles H. Cassel and wife, Minnie Cassel, contracted and agreed with James B. Holland, and with his older brother, Harry Holland, the person who, at said time, was vested with the legal custody and control of the said James B. Holland, a minor, and with Mr. and Mrs. E. K. Gills, of Coalgate, Oklahoma, who stood in loco parentis to the said James B. Holland, that, if the said James B. Holland would be placed in their home in Texas City, they would adopt him, and make him their adopted son.

### No. 2

That, pursuant to said contract and agreement, the said James B. Holland did forthwith enter the home of the said Charles H. Cassel and wife, and thereupon and thereafter, during the minority of the said James B. Holland, the parties assumed and lived in a relationship wholly consistent with that of parent and child, and wholly inconsistent with any other status.

### No. 3

That from and after the date he entered the home of Charles H. Cassel and wife, Minnie, the said James B. Holland fully and faithfully performed the duties of a child to the said Charles H. Cassel and wife, and said adoptive parents received all the benefits and privileges accruing from such performance, and, by their representations, induced such performance, under the belief of the existence of the status of adopted child.

### No. 4

It is my opinion, and I so find, that after the making of the contract and agreement aforesaid, and after the child, James B. Holland, had entered the home of the Cassels, and performed and assumed the relationship and status of a child toward the Cassels, the said Charles H. Cassel and wife, Minnie E. Cassel, undertook to effect a statutory adoption of the said James B. Holland, but failed to do so, because of some defect in the instrument of adoption, or in its execution, or acknowledgment, or because of a failure to record it.

### No. 5

If I am not justified in drawing from the evidence the conclusion of fact stated in paragraph 4 of these findings (finding of fact 4 above quoted), I find and conclude, as a matter of fact and law, that those holding and claiming under Minnie E. Cassel are and should be estopped to deny to James B. Holland the status and rights of an adopted

child of Minnie E. Cassel; otherwise, a fraud would be perpetrated upon the said James B. Holland.

Appellant earnestly and ably urges that the Supreme Court, in the cited Cavanaugh v. Davis case, held in his favor—to the effect that there had been no proof in this instance of a contract or agreement to adopt this appellee—and in this connection, he cites this excerpt from the Court's opinion in that cause:

"In no case has this Court upheld the adoptive status of a child in the absence of proof of an agreement or contract to adopt."

Appellant did not, however, read far enough into the Court's opinion in that cause, since it also, later on therein, in further reference to the agreement there under consideration, made this declaration of the law that fits the facts in the case now at Bar, to-wit:

"It was not necessary, however, that there be direct evidence of the agreement. It like any other ultimate fact could be proved by the acts, conduct and admissions of the parties and other relevant facts and circumstances."

See, also, in this connection, these further authorities: Cubley v. Barbee, 123 Tex. 411, 73 S.W.2d 72; Jones v. Guy, 135 Tex. 398, 143 S.W.2d 906, 142 A.L.R. 77; Garcia v. Quiroz, Tex.Civ.App., 228 S.W.2d 953, writ ref., n. r. e.; Hilt v. Hooper, Tex.Civ. App., 203 S.W.2d 334; and Howell v. Thompson, Tex.Civ.App., 190 S.W.2d 597.

In a word, while, as indicated, there have been many deliverances of our courts on the varying states of facts entering into cases sounding in the doctrine of adoption by estoppel, the holdings of the Supreme Court in Cavanaugh v. Davis, and of this Court in the Hilt v. Hooper and Howell v. Thompson causes, all just cited and referred to, declare the law in this case, under the facts so found by the trial court to be as that court determined it; that is, this was properly found and held to be a case where such an adoption was made-out by the equivalent of such an agreement or contract to adopt, as the Supreme Court held to be sufficient in the Cavanaugh case.

Wherefore, that Court, in that case, because the Court of Civil Appeals had erroneously reversed the trial court's judgment therein and had itself rendered a judgment, establishing the claimant's status in that instance, as an adopted child, against the finding the other way, of the trial court, on evidence before it, reversed such judgment of the Court of Civil Appeals and affirmed that of the trial court.

In doing so, it held that "* * * the judgment of a trial court will not be set aside if there is any evidence of a probative nature to support it and that a court of civil appeals cannot substitute its findings of fact for those of the trial court if there is any evidence in the record to sustain the trial court's findings. Liedeker v. Grossman, 146 Tex. 308, 206 S.W.2d 232; First State Bank of Temple v. Metropolitan Casualty Ins. Co. of New York, 125 Tex. 113, 79 S.W.2d 835, 98 A.L.R. 1256; 3–B Tex.Jur. 457, sec. 941. * * *"

This Court has reviewed appellant's assignments, insofar as he objects that the trial court improperly overruled his exceptions and objections to evidence, as set out in his points, numbers 39 to 48, both inclusive. It overrules them all, upon the finding and conclusion that the record in this cause—whatever adverse details may be pointed out in any of appellant's stated objections—contains ample evidence to support the trial court's quoted findings and judgment; under well-settled authorities, it will therefore be presumed that whatever inadmissible evidence, relating thereto, there may have been heard by the trial court, was disregarded by it, in the judgment it finally rendered. In re Brown, Tex.Civ.App., 201 S.W.2d 844; 41 Tex.Jur., para. 378, p. 1247.

At all events, it is held that none of such rulings as to the testimony appellant so complained of, amounted to such an error as was reasonably calculated to cause, and probably did cause, the rendition of an improper judgment against the appellant, within the meaning of Rule 434, T.R.C.P.

These conclusions require an affirmance of the judgment. It will be so ordered.

Affirmed.