**REEVES v. ELLIS et al.**

No. 6291.

Court of Civil Appeals of Texas. Amarillo.
March 16, 1953.

Rehearing Denied April 13, 1953.

George M. Ritchie and Creighton & Creighton, Mineral Wells, W. F. Martin, Hamlin, for appellant.

F. D. Brown and Rob't A. Sowder, Lubbock, for appellees.

NORTHCUTT, Justice.

This is an action brought by appellant, Fred Reeves, against John H. Doyle, since deceased, and Douglas Doyle Ellis and her husband for the purpose of having himself declared to be the legally adopted child and heir of John H. Doyle and wife, Florence Doyle, deceased wife of John H. Doyle; and for an accounting of property. The trial court under Texas Rules of Civil Procedure, rule 174 severed the issue of accounting for separate trial and proceeded to trial on all other issues. After this suit was filed, John H. Doyle died and his will had been probated. Douglas Doyle Ellis was appointed executrix under the will of John H. Doyle and she was impleaded as independent executrix under his will. Fred Reeves, appellant, is claiming that Douglas Doyle Ellis was the adopted daughter of Mr. & Mrs. Doyle.

Appellant testified that about the time he was 10 years of age "they" sent his father "to the institute"; that his father never did return home, and that he died afterwards at Terrell but he did not know when his father died. Appellant further testified that a man and lady came and talked to his mother, but he did not know what their conversation was; but after that the man came and took him and his brothers and sisters to the Tarrant County Orphan's Home; that he had never seen his mother since and did not know whether she was dead or alive. There is no proof that appellant's father or mother ever gave their consent to anyone to take this appellant or any other child of the family. Appellant was taken to the Orphan's Home a week or two before Christmas, 1917, and left the first of February, 1918, for the home of Mr. & Mrs. Doyle. The records of Tarrant County Orphan's Home shows that Fred Reeves was discharged from the home on February 8, 1918, by being placed in a private home by Mrs. Morris. The case was submitted to a jury upon three special issues as follows:

"Special Issue No. 1

"Do you find from a preponderance of the evidence that John H. Doyle and Mrs. Florence Doyle on or about Feb. 8, 1918 agreed with the Tarrant County Orphans Home that they would take Fred Reeves into their home and adopt him as their own child?

"Answer 'Yes' or 'No'

"Answer: Yes

"Special Issue No. 2

"Do you find from a preponderance of the evidence that on or about Feb. 8, 1918, John H. Doyle and Mrs. Florence Doyle took Fred Reeves into their home and treated and cared for him as their own child?

"Answer 'Yes' or 'No'

"Answer: Yes

"Special Issue No. 3

"Do you find from a preponderance of the evidence that Fred Reeves rendered to John H. Doyle and wife, Florence Doyle, the obedience, affection and duties of a child just as if he had been born to them:

"Answer 'Yes' or 'No'

"Answer: Yes"

Appellant made a motion for judgment upon such verdict of the jury. Appellees made a motion to set aside the verdict of the jury and to render judgment in their favor notwithstanding the verdict of the jury. Appellees' motion was granted and judgment entered that Fred Reeves take nothing by his suit against defendants, appellees herein, from which judgment the appellant has perfected this appeal.

The appellant presents four points of error in his appeal, namely:

"First Point

"The trial court erred in rendering judgment for Appellees, notwithstanding the verdict of the jury, and in rendering judgment against appellant, the uncontradicted and conclusive evidence showing that appellant was an inmate of Tarrant County Orphans Home, said home being in loco parentis; and the jury having found on sufficient evidence (a) that Mr. and Mrs. John H. Doyle made an agreement with such home to take Appellant into their home and adopt him, (b) that the Doyles did take him into their home and treated and cared for him as their own child, and (c)

that Appellant rendered to the Doyles the obedience, affection, and duties of a child just as if he had been born to them.

"Second Point

"The record showing conclusively that Appellant was an inmate of the Tarrant County Orphans Home, whose records of such inmates were and are in the official custody of the Chief Probation Officer of Tarrant County, Texas; and the jury having found that John H. Doyle and Florence Doyle made an agreement with said Home to adopt Appellant, which agreement was acted upon by all parties, appellees are estopped to deny the authority of such Orphan's Home to make such agreement, or to question the fact that said Home under the circumstances was acting 'in loco parentis' with reference to Appellant.

"Third Point

"The testimony containing statements made by John H. Doyle that he and his wife had agreed with the Tarrant County Orphans Home to adopt Appellant and that he was an adopted child, and other circumstances tending to show the relation of adopted child and adopting parents, the court erred in setting aside jury findings on such issues favorable to Appellant and in rendering judgment against him.

"Fourth Point

"The proof of an agreement to adopt made with an institution in loco parentis to Appellant, and of compliance with said agreement by all parties, having been made by showing the acts, conduct and admissions of the parties and other relevant facts and circumstances, the court erred in finding that the evidence was insufficient to sustain the jury's findings and in rendering judgment notwithstanding such findings."

■ The right of adoption was unknown to the Common Law of England, and exists in this country in those jurisdictions having that law as the basis of their jurisprudence, only by virtue of statute. Texas is one of those States. Article 1 of Vernon's Revised Civil Statutes: Norton v. Stark, Tex.Civ.App., 294 S.W. 689; Powell v. Ott, Tex.Civ.App., 146 S.W. 1019;

Cubley v. Barbee, 123 Tex. 411, 73 S.W.2d 72. The statute on adoption in this state during the year 1918, the time relied upon by appellant as affecting his adoption, provided:

"Any person wishing to adopt another as his legal heir may do so by filing in the office of the Clerk of the county court of the county in which he may reside a statement in writing, by him signed and duly authenticated or acknowledged, as deeds are required to be, which statement shall recite, in substance, that he adopts the person named therein as his legal heir, and the same shall be admitted to record in said office." Rev.Civ.St.1911, art. 1.

■ There is nothing in this record to show that appellant was adopted by Mr. & Mrs. Doyle under the terms of the adoption statute. The only question left, then, is as to whether or not the adoption by estoppel would apply and there was sufficient evidence to substantiate the finding of the jury that John H. Doyle and Mrs. Florence Doyle on February 8, 1918, agreed with the Tarrant County Orphans Home that they would take Fred Reeves into their home and adopt him as their own child, as said in the case of Garcia v. Saenz, Tex.Civ.App., 242 S.W.2d 230, 232:

"While the Texas authorities have progressed by steps from a rule which required compliance with the adoption statutes, to one which permits even an oral agreement for adoption in complete disregard for the statutes when fraud may thereby be avoided, such rule does not excuse the proof of an agreement to adopt. Cheney v. Coffey, supra [131 Tex. 212, 113 S.W.2d 162]; House v. House, Tex.Civ.App., 222 S.W.2d 337; Barrow v. Rich, Tex.Civ.App., 213 S.W.2d 463; Hilt v. v. Hooper, Tex.Civ.App., 203 S.W.2d 334, 338. Cavanaugh v. Davis, supra [Tex.Sup., 235 S.W.2d 972], states: 'In no case has this Court upheld the adoptive status of a child in the absence of proof of an agreement or contract to adopt.' (235 S.W.2d 974.) And, as stated in Howell v. Thomp-

son, Tex.Civ.App., 190 S.W.2d 597, 600: 'It is the absence of such an agreement, which is totally missing from the evidence offered by appellants in this instance, that rendered their claim insufficient as a basis for the submission of an issue as to adoption to the jury.'

"(1) And one who claims the benefit of such an oral agreement has the burden of establishing it by evidence that is clear, unequivocal and convincing. Cavanaugh v. Davis, supra; House v. House, supra; Hilt v. Hooper, supra [Tex.Civ.App., 203 S.W.2d 334]; Gamache v. Doering, 354 Mo. 544, 189 S.W.2d 999; Rich v. Baer [361 Mo. 1048], 238 S.W.2d 408; Thornton v. Miller, Mo.Sup., 151 S.W. 2d 1101; Stillman v. Austin, Mo.Sup., 148 S.W.2d 573; Taylor v. Hamrick, Mo.Sup., 134 S.W.2d 52; Keller v. Lewis County, 345 Mo. 536, 134 S.W. 2d 48; Benjamin v. Cronan, 338 Mo. 1177, 93 S.W.2d 975; Kidd v. St. Louis Union Trust Co., 335 Mo. 1029, 74 S. W.2d 827".

█ It is shown by the submission of special issue No. 1 that appellant was relying upon the agreement of Mr. & Mrs. Doyle with the Tarrant County Orphans Home that they would take appellant into their home *and adopt him as their heir.* We are unable to see any evidence in this record that either Mr. or Mrs. Doyle agreed with the Orphans Home that they would adopt appellant. The statement from the records of said home as shown at page 188 of the statement of facts merely stated that Fred Reeves on February 8, 1918, was placed in a private home by Mrs. Morris. It does not even state for adoption or in whose home, and appellant himself does not attempt to testify they agreed with anyone connected with the home that they would adopt him. If it is the contention of appellant that this record kept by said Orphans Home was such record as required to be kept, then this record is of no value to appellant's cause of action. See

17 Texas Jur., page 665, Paragraph 282, where it is said:

"Since, where a record is required to be kept by a public officer, the presumption is that he kept it in accordance with law, the absence of any entry on such a record showing that a particular thing was done, as that a writ was issued or served, raises a presumption or is a circumstance tending to show that the thing was not done."

We are of the opinion that the case of Cavanaugh v. Davis, 235 S.W.2d 972, 974, by the Supreme Court is in point here where the Court says:

"Under the statutes and the cases referred to it was incumbent upon respondent to plead and prove according to recognized rules of law and evidence that: (1) George Ann Barrow executed, acknowledged and filed a statutory instrument of adoption in the office of the County Clerk; or (2) George Ann Barrow undertook to effect a statutory adoption but failed to do so because of some defect in the instrument of adoption or in its execution or acknowledgement, or because of failure to record it; or (3) George Ann Barrow agreed with respondent, or with respondent's parents or with some other person in loco parentis that she would adopt respondent. *The effort to comply with the statute in the second instance and the agreement to adopt in the third instance are a necessary predicate for the interposition of the equity powers of the courts to decree an adoption by estoppel in favor of one who, acting under and by virtue of such defective proceeding or such agreement, confers affection and benefits upon the other.*

"*In no case has this Court upheld the adoptive status of a child in the absence of proof of an agreement or contract to adopt.*" (Italics ours.)

These conclusions require an affirmance of the judgment. It will be so ordered.