

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN 11, TEXAS

**WILL WILSON**
**ATTORNEY GENERAL**

May 16, 1957.

Mr. John H. Winters,
Executive Director
Department of Public Welfare
Austin, 14, Texas.

Opinion No. WW-94

Re:Can a natural parent
delegate to a third
party the power to
place a child for
adoption where such
third party is not
licensed by the State
for this activity and
if such third party
does place a child for
adoption has he violated
the provisions of Article
695c, Section 8(a), Sub-
section 2(b), Vernon's
Texas Civil Statutes,
requiring a license?

Dear Sir:

Your request for an opinion dated March 20, 1957, concerns whether or not a natural mother and/or natural father can delegate to a third person by power of attorney or otherwise the authority to place a child for adoption when said third person does not have a license to place children and whether or not this would be a valid parental release and whether it would violate the law relative to child-placing agents. In this connection you have mainly presented two questions:

(1) Can a natural mother and/or natural father delegate to a third person, who has no license to place children, the authority to place the child for adoption and to give legal parental release to the adoptive parents?

(2) In view of Article 46a-Sec. 6, Vernon's Texas Civil Statutes and Article 695c, Section 8a, Vernon's Texas Civil Statutes, can a natural mother and/or father give a Power of Attorney to a third person authorizing said third person to place the baby for adoption and give consent to its adoption? If said third person, who holds the Power of Attorney is not

licensed to place babies, then does the act
of placing the baby when the mother has given
said party Power of Attorney to do so consti-
stute a violation of the licensing law?

To answer these questions we must examine our statutes
on adoption.   They are exclusive and no authority exists to
act except as contained therein.   Reeves v. Ellis, 257 S.W.2d
876 (Tex. Civ. App. 1953, reh. den. error ref., N.R.E.)   Also
see: Hickman v. Smith, 238 S.W.2d 838, (Tex. Civ. App., 1951,
reh. den. error ref.), Boyd v. Wilson, 258 S.W.2d,223(Tex.Civ.
App., 1953 reh. den. error ref.)

Article 46a, Section 6 of Vernon's Annotated Texas
Civil Statutes reads in part as follows:

"Except as otherwise provided in this section,
no adoption shall be permitted except with the
written consent of the living parents of the child.
. . ."

"In the case of a child placed by its parents
in a child-placing agency, or institution licensed
by the State Department of Public Welfare to place
children for adoption, it shall be sufficient for
the living parents to consent in writing that such
agency or institution place such child for adoption,
and no further consent shall be required by such
living parent."

A Power of Attorney to a third person by parents to
place a child for adoption would not comply with this statute
except as specifically provided for a licensed child-placing
agency.

Article 695c, Section 8(a), Subsection 2(b), Vernon's
Texas Civil Statutes, reads:

"Child-Placing Facility.   Every person,
association, institution, or corporation, whether
operating for profit or without profit, who shall
conduct or manage a child-placing agency, who shall
place any child or children who are under the age of
sixteen (16) years, whether occasionally or other-
wise, away from his own home or relative's home,
shall obtain from the State Department of Public
Welfare a license to operate as a child-placing
agency, which license shall be in full force and
effect until suspended or revoked by the Department

of Public Welfare as hereinafter provided, except that nothing in this Act shall prohibit a natural parent from placing his own child or prohibit a grandparent, uncle, aunt, legal guardian, brother or sister, having attained their majority, from placing a child under the age of sixteen (16) years in the home of relatives or in a licensed institution, agency, or facility coming within the purview of this Act."

The following language is contained in the case of Williams v. Liles, 245 S.W.2d 551 (Tex.Civ.App. 1952):

"Under 46a Section 6, R.C.S.- Art. 46a, Sec. 6, it is provided, with certain exceptions . . . that no adoption shall be permitted except with the written consent of the living parents of the child. When the statutory exceptions are not applicable consent of the living parents or parent is prerequisite to a judgment of adoption."

This case also cites Fitts v. Carpenter, 124 S.W.2d 420, (Tex. Civ. App. 1939, rehearing denied), which states:

"When statutory exceptions are not applicable, consent of living parent to adoption proceeding is prerequisite to a judgment of adoption binding upon the parent."

Burran v. Fuller, 248 S.W.2d 1015 reversed on other grounds, 250 S.W.2d 587, (Tex. Civ. App. 1952) states:

"A petition was insufficient under R.S. Art. 46a, Sec. 1a when it failed to specify which statutory exception to the necessity for consent of the mother was not applicable and relied upon."

Further, in Jones v. Willson, 285 S.W.2d 877, (Tex. Civ. App. 1955, err. ref. n.r.e.), this language is contained:

"R.S. Art. 46a, Sec. 6, which permits adoption of a child without the consent of its mother is to be strictly construed in favor of mother and child."

We, therefore, find that under the statute certain acts on the part of the parents or conditions obviate the

necessity for the consent, however, these are set out specifically and the existence thereof must be set out in the petition for adoption and must be clearly shown to exist. These exceptions cannot be enlarged upon and must be followed where parental consent is not to be relied on.   It is specifically provided in Article 46a, Sec. 6 that it is sufficient for living parents to give consent to a licensed institution for child-placing so that they may take and use such authority to place said child for adoption.   It is to be noted, however, that said statute reads:

> "A child placing agency or institution licensed by the State Department of Public Welfare to place children for adoption."

This is the only statutory provision giving to a third party consent and power to act in place of a parent.

The provisions of Article 695c, Section 8a, Subsection 2(b), Vernon's Texas Civil Statutes set out the requirements pertaining to licenses for child-placing agencies.   The provisions therein must be complied with for one to be duly authorized to act under Article 46a, Section 6, Revised Civil Statutes and states with or without profit.   However, it does state "who shall conduct or manage a child-placing agency". Therefore, for one to be required to comply with the statute concerning a license, he must be engaged in this type of activity.

The express provisions of Article 46(a), Section 6, require the written consent of the living parent or parents where an exception is not clearly applicable.   Any consent given by a third party other than a licensed child-placing agency who has first obtained the parents' consent would not fulfill the requirements of the statute.

An individual not engaged in the child-placing business would not be authorized to sign a consent to adoption in place of the parents.

One who operates as a child-placing agent as contemplated by Article 695c, Section 8a, Subsection 2(b), Vernon's Texas Civil Statutes, and does not obtain a license as required therein clearly violates the provisions thereof. Furthermore, Article 46a, Section 6, which permits a child-placing agency to give consent after having obtained permission from the parent or parents is required to be "licensed" and is, therefore, unauthorized to act without a license.   Article 46a states specifically to whom a parent may delegate authority

to place a child and it is our opinion that this authority cannot be delegated to one to whom the statute does not authorize.

### SUMMARY

Parents may only delegate the right to place a child for adoption to a licensed child-placing agency as defined by statute and such an agency is the only one by statute permitted to give consent to adoption in place of the parents.   One operating as a child-placing agency as defined by statute who does not comply with the provisions for license, violates the statute and is without authority to act.

Yours very truly,

WILL WILSON
Attorney General

By J. L. Smith
   Assistant

JLS:zt:rh

APPROVED:

OPINION COMMITTEE:
H. Grady Chandler,
           Chairman
Edwin P. Horner
John Reeves
Joe G. Rollins
F. C.(Jack) Goodman

REVIEWED FOR THE ATTORNEY GENERAL

By:  Geo. P. Blackburn