**IN RE: ESTATE OF JOHN R. HATFIELD, Deceased.**

16 So. (2nd) 57                                    June Term, 1943
December 3, 1943                                        Division B
Rehearing Denied December 18, 1943

*Warlow & Carpenter* for T. Picton Warlow, as Guardian ad Litem for Mary Jane Hatfield, an infant, and Joe Scott Kirton for Mary S. Hatfield, as Executrix, appellants.

*Radebaugh & Whittle* for Elsie E. Hatfield, appellee.

SEBRING, J.:

John R. Hatfield and Mary S. Hatfield intermarried on August 1, 1940. On the same date he made a will wherein he devised and bequeathed certain designated real and personal property to named beneficiaries, with the residuum to his wife. Subsequently a daughter was born to the parties. Thereafter John R. Hatfield died without making any provision by will for the infant. It is agreed that the child was the only child of decedent. It is likewise agreed that such child had not had bestowed upon it by way of advancement a portion of her father's property equivalent to a child's part, and that such omission was not intentional.

The widow probated the will and was appointed executrix. Subsequently and within the time allowed by law she filed her written dissent from the will and elected to take dower. Thereafter, the widow, as executrix, filed her petition in the County Judge's Court for a determination of the

interest of the infant in the deceased father's estate. Upon hearing, the County Judge entered his order finding that the widow was entitled to one-third of the estate as dower, the child, one-half as a child's part, and that the balance should pass under the will to the specific devisees and legatees named therein. Upon review, the Circuit Judge affirmed the ruling of the County Judge. The case is here on appeal from the order.

The following question is presented for decision: When a testator dies without making provision in a will for his only child, born after the execution of the will but before the death of the maker, and leaves surviving his widow, his child, and designated beneficiaries of the will who are not his heirs, what portion of the estate does the pretermitted child take, if the widow dissents from the will and elects to take dower?

Section 12 of The Probate Act of Florida, 1933, provides that when a testator omits to provide in his will for any of his children born after the making of the will and such child has not had bestowed upon him by way of an advancement a portion of the testator's property equivalent to a child's part, unless it appears from the will that such omission was intentional, such child shall receive a share in the estate of the testator equal in value to that which he would have received if the testator had died intestate. The statute provides, further, that the share of the estate which is assigned to such pretermitted child shall be raised in accordance with the order of appropriation of assets set forth in The Probate Act. See Secs. 731.11, 731.23 Florida Statutes, 1941.

At common law the birth of a child subsequent to the making of the will did not have the effect of revoking the will of the father. Easterlin v. Easterlin, 62 Fla. 468, 56 So. 688. The common-law rule prevailed in Florida until the passage of The Probate Act in 1933. Section 12 of The Probate Act was undoubtedly designed to relieve from the hardships of the common-law rule, under which, no matter how unintentional the omission to make provision for an after-born child, such child took nothing from the estate

of the father when the estate passed in accordance with a will executed before birth of the pretermitted child. Obviously, the purpose of the statute is to make compulsory provision for the pretermitted child, where the testator has not expressed a contrary intention in the will, or has not bestowed upon the child by way of an advancement a portion of his estate at least equivalent to a child's part, during his lifetime. This is a valid provision of law, for while the right to dispose of property by will is very broad and comprehensive it is not an inherent right but one given by statute, and it is at all times subject to legislative control. The same authority which bestows the right may take it away altogether, or may limit and circumscribe it in such manner as may be deemed fit. Thomas v. Williamson, 51 Fla. 332, 40 So. 831, 834.

The right to pass property by will has been circumscribed in this State by the statute here under consideration. The statute gives to a pretermitted child a potential property interest in the estate of the testator at death that did not exist at common law. It prescribes in plain and unequivocal terms the share that the after-born child shall take in the estate of the father in the event that no provision otherwise is made for him and he is not excluded by the will. So far as children are concerned—even after-born children—the statute does not prohibit a man from disposing of his property as he wills. But if the will is silent as to after-born children the law will presume that failure to provide for them was through inadvertence or mistake rather than from design, and will write into the will that which, in the relation of father to child, he will be presumed to have intended, to the end that those who have a rightful claim to the father's bounty by reason of the natural ties of blood and affection will not be excluded entirely and disinherited. The effect of the statute, in such cases, is to create by operation of law a share in the estate of the father which was not made certain to the child by testamentary disposition, to the same extent as though the words of the statute were expressly incorporated in the will. A will, in the face of such statute,

must be read as though it had devised and bequeathed to the pretermitted child, specifically, "a share in the estate of the testator equal in value to that which he would have received if the testator had died intestate."

Applying our view of the effect of the statute to the will here in controversy, we are of opinion that except as to homestead rights (the question of homestead rights not being here involved) the pretermitted child takes the whole estate of the testator, subject to the widow's dower, and articles to which she is entitled under the law in addition to dower. See Secs. 731.34, 731.36 Florida Statutes, 1941. Although the share of the father's estate provided for by The Probate Act does not pass to the child under the statute of descent and distribution that statute is the yardstick which must be used to determine the extent of property to which the child is entitled. See Sec. 731.23 Florida Statutes, 1941. The testator having died leaving surviving him his spouse and the pretermitted child, and the widow having dissented from the will and elected to take dower, the child takes that which remains for him to take according to the statute of descent and distribution as the lone lineal descendant; namely, the whole estate less dower, as that is what he would have taken under the circumstances had the father died intestate. See Secs. 731.23, 731.34 Florida Statutes, 1941. No other conclusion can be reached that will give effect to the words of the statutes.

It follows from what has been said that the judgment appealed from must be reversed and the cause remanded for further proceedings not inconsistent with this opinion.

It is so ordered.

BUFORD, C. J., BROWN and THOMAS, JJ., concur.