232 So.2d 417 (1970)
Mel Robert Matalon KORBIN, Steven Douglas Matalon Korbin and Wendy Rose Matalon Korbin, Minors, by and through Their Guardian and Next Friend, Lili Berlin, Appellants,
v.
Daniel L. GINSBERG, Executor of the Estate of Benjamin R. Berlin, Deceased, and Irving Korbin, Appellees.
No. 69-476.
District Court of Appeal of Florida, Fourth District.
March 11, 1970.
*418 Philip Edelman, Miami, for appellants.
Daniel L. Ginsberg, North Miami Beach, for appellee Daniel L. Ginsberg, Executor.
OWEN, Judge.
Benjamin R. Berlin filed a petition to legally adopt his wife's three minor children by her previous marriage. While that matter was still pending, Mr. Berlin was killed in an automobile accident, whereupon the court on its own motion dismissed the adoption proceedings for want of jurisdiction to proceed.
The minor children, through their mother as next friend, then brought a separate action in the circuit court against the executor of the estate of Benjamin R. Berlin seeking a judgment specifically performing the agreement made by Benjamin R. Berlin to adopt the children as his own, by decreeing the children legally adopted and changing their name from Korbin to Berlin. The complaint sought various other relief, none of which is material to the question raised on this appeal.
The defendant executor, aware of the fact that it had been the decedent's wish to legally adopt the minor children and to give them the name of Berlin, not only admitted all material allegations of the complaint but in essence stipulated that the plaintiffs were entitled to a summary judgment decreeing the minor children legally adopted by Mr. Berlin posthumously. However, the court determined that it could not decree the adoption posthumously and dismissed the cause without prejudice. The appeal is from that order.
Adoption, being wholly statutory in nature, can be decreed only in accordance with the statute. The present suit not having been brought pursuant to the adoption statutes, Chapter 63, F.S. 1967, such fact alone would have fully justified the court's action in refusing to decree the adoption. Nonetheless, we feel that our disposition of this present appeal should be on the merits of the question which we deem presented, namely, whether a court may decree adoption posthumously.
A judgment or decree of adoption establishes the relationship of parent and child to the same extent as though the child had been born to such parent in lawful wedlock. Section 63.151, F.S. 1967, F.S.A. It is a personal relationship created between one capable of adopting and one capable of being adopted, and it necessarily requires that both the adopting parent and the adopted child be living at the time such relationship comes into being by judicial decree. Accord: Caulfield v. Noonan, 1940, 229 Iowa 955, 295 N.W. 466; St. Vincent's Infant Asylum v. Central Wisconsin Trust Co., 1926, 189 Wis. 483, 206 N.W. 921. Therefore, the court below correctly held that the death of Benjamin R. Berlin precluded the court from specifically enforcing Mr. Berlin's agreement to adopt his wife's minor children by decreeing the adoption posthumously.
The children were not seeking specific performance of an agreement to support them during their minority and money damages sufficient to fulfill such agreement, as was the case in Roberts v. Caughell, Fla. 1953, 65 So.2d 547. Neither were the children seeking to specifically enforce the agreement to the extent of declaring them entitled to a child's share in their foster father's estate, as was the case in Sheffield v. Barry, 1943, 153 Fla. 144, 14 So.2d 417. The last cited case clearly recognized the distinction between equitable relief of that type on the one hand and the ability of the court to decree adoption posthumously on the other.
The appellants' prayer for a change of name was relief which was sought in conjunction with their prayer decreeing adoption, and the complaint did not meet the statutory requirements for change of name under Section 62.031, F.S. 1967, F.S.A. Since the cause was dismissed without *419 prejudice the appellants are not barred from seeking a change of name in an appropriate proceeding under such statute.
Affirmed.
CROSS, C.J., and REED, J., concur.