364 So.2d 774 (1978)
Joe Edward GRANT, As Personal Representative of the Estate of Frances W. Grant, Deceased, Appellant,
v.
SEDCO CORPORATION, C.R. Parker, and Continental Insurance Company, Appellees.
No. 78-231.
District Court of Appeal of Florida, Second District.
November 1, 1978.
Rehearing Denied November 27, 1978.
Kirk M. Gibbons and David B. McEwen of Gibbons, Tucker, McEwen, Smith, Cofer & Taub, Tampa, for appellant.
Jacqueline R. Griffin of Wells, Gattis & Hallowes, Orlando, for appellees.
OTT, Judge.
The following question has been certified to this court:
Can the so-called doctrine of "equitable adoption" be applied to authorize a claim under the Florida Wrongful Death Act on behalf of a minor who is neither the natural child nor the legally adopted child of a decedent?
We answer the question in the negative.
When Mikel Marks was approximately 3 days old, his natural mother entered into a contract with Frances Grant a/k/a Mattie Brooks whereby the natural mother agreed to surrender Mikel Marks to Frances Grant. Frances Grant failed to legally adopt Mikel Marks. In December, 1975  when Mikel Marks was approximately 3 1/2 years old  Frances Grant was killed in an automobile accident. Her personal representative brought a wrongful death action, asserting a claim on behalf of Mikel Marks.
The Florida Wrongful Death Act  § 768.18, Florida Statutes (1977)  is on point. That statute provides:
(1) "Survivors" means the decedent's spouse, minor children, parents, and, when partly or wholly dependent on the decedent for support or services, any blood relatives and adoptive brothers and sisters. It includes the illegitimate child of a mother, but not the illegitimate child of the father unless the father has recognized a responsibility for the child's support.
(2) "Minor children" means dependent unmarried children under 21 years of age... .
[Emphasis supplied.]
We hold that an equitably adopted child cannot recover under the Wrongful Death Act. In Limbaugh v. Woodall, 121 Ga. App. 638, 175 S.E.2d 135 (1970) the court was faced with a similar issue. The court held that under Georgia law which provided for the recovery by "a child or children" for the wrongful death of a parent, a child equitably adopted could not recover under the Georgia Wrongful Death Act. The court held:
[T]he terms "child" or "children" as used in our wrongful death statutes do not encompass one claiming to be like a child as to another acting in loco parentis, even when such relationship obtains under an agreement to "adopt" but the legal adoption has never transpired.
*775 175 S.E.2d at 137. The Georgia court pointed out that there must be a strict construction of the Wrongful Death Act since that statute is in derogation of the common law. In addition, the court noted that the doctrine of equitable adoption had never been extended beyond decreeing in the child a right to inheritance or a right to receive as a beneficiary under some types of insurance policies." 175 S.E.2d at 138.
Although the limitations upon recovery by an equitably adopted child might seem harsh, the Florida Wrongful Death Act does not compensate all those aggrieved by the death of another. It only compensates some and in certain ways. The nature of equitable adoption is a remedy in equity to enforce a contract right, not to create the relationship of parent and child. A minor child that is neither the natural child or legally adopted child of a decedent simply has no claim under the Florida Wrongful Death Act.
GRIMES, C.J., and RYDER, J., concur.