400 So.2d 190 (1981)
Armando GUERRERO, Appellant,
v.
Margarita Raisa Rodriguez STAGLISH, Appellee.
No. 80-1844.
District Court of Appeal of Florida, Third District.
June 30, 1981.
Ezzo, Garel & Saylor, Miami, for appellant.
Sugarman & Arnold, Coral Gables, for appellee.
Before BARKDULL, DANIEL S. PEARSON and FERGUSON, JJ.
FERGUSON, Judge.
Armando Guerrero appeals from an entry of summary judgment. Guerrero claims to be the father of a child born out of wedlock. In his petition to the circuit court for visitation rights, Guerrero asserts and seeks to have the circuit court establish regular visitation rights with the minor child. The *191 respondent/appellee, mother of the child, as an affirmative defense denies that petitioner/appellant is the father of her child and further alleges that the petitioner attempts to establish paternity without complying with Chapter 742, Florida Statutes (1979). In support of his petition, the putative father filed several affidavits and documents evidencing that both petitioner and the respondent have previously acknowledged that petitioner is the father of the child.
The trial court entered final summary judgment for respondent, on a finding that:
1. Section 742.011 Florida Statutes (1979) prohibits a putative father from bringing a paternity action against the mother of an illegitimate child.
2. If a putative father of an illegitimate child cannot establish his paternity, he is not entitled to visitation rights.
3. Section 742.011, Florida Statutes (1979) is unconstitutional in that it is in violation of equal protection clauses of the constitution in that it gives greater rights to the mother of an illegitimate child and the statute should be stricken.
4. In the absence of Section 742.011, Florida Statutes (1979) the common law applies. That under common law, a putative father has neither rights nor obligations toward an illegitimate child.
The constitutionality of Section 742.011 as well as the other issues on appeal were considered by the court in Kendrick v. Everheart, 390 So.2d 53 (Fla. 1980), where, it was held subsequent to conclusion of proceedings below, that: (1) the paternity statute does not operate unfairly against unwed fathers in that it authorizes the court in a proper case to award child custody to the father and contemplates the imposition of child support obligations on either or both parents depending on their ability and other relevant circumstances; (2) though Chapter 742 was intended as the natural mother's exclusive remedy in establishing paternity and enforcing support rights on behalf of the child, it does not preclude a putative father from bringing a declaratory judgment action to adjudicate paternity where such adjudication is necessary to the determination of existing rights or duties between parties to an actual controversial dispute; (3) the court will not construe Chapter 742 to provide the exclusive means by which to establish paternity where the results would be to negate the illegitimate child's support rights against the natural father who does not voluntarily choose to contribute to the support of his child.
Nor is it absolutely necessary that a putative father seeking to establish paternity commence the action as one for a declaratory judgment to establish paternity. In Knauer v. Barnett, 360 So.2d 399 (Fla. 1978), a trustee sought a declaratory judgment to determine the parties entitled to receive the corpus of a trust. In order to resolve the issues, the court necessarily had to resolve the incidental issue of paternity. In Kendrick, supra, the appellant sought an adjudication of paternity and amendment of the children's birth certificates and the names to reflect that he was the natural father, as well as a court order of custody and child support from the natural mother. Kendrick also sought declaratory relief under Chapter 86, Florida Statutes to have Section 742.011, Florida Statutes, declared unconstitutional. In holding that an unwed father may bring a declaratory judgment for determination of paternity, the court noted with approval that "[a] paternity determination has been permitted in these other contexts where it was a necessary incident to the adjudication of the ultimate relief sought in the particular proceeding involved." Id. at 59.
In this case the petitioner claims to be the father of the child and has in support of that claim filed with the court affidavits tending to establish paternity. The matter of paternity is placed squarely in issue by the wife's answer and affirmative defenses. In this posture the case is one where the court is obligated to resolve the issue of paternity before there can be a consideration of the relief ultimately sought  visitation rights.
We conclude that there are no genuine issues as to the legal issue of the right to a collateral determination of paternity raised by the pleadings and argued in the briefs of the parties as those issues are settled by Kendrick and Knauer, both supra. There *192 are, however, genuine issues of fact which preclude entry of a final judgment. Holl v. Talcott, 191 So.2d 40 (Fla. 1966).
Reversed and remanded for further proceedings consistent with this opinion.