426 So.2d 1203 (1983)
In re the Matter of the ADOPTION OF R.A.B.
No. 82-18.
District Court of Appeal of Florida, Fourth District.
February 9, 1983.
*1204 Evan I. Fetterman of Law Office of Fetterman & Associates, North Palm Beach, for appellant.
No opposing counsel.
DOWNEY, Judge.
This is an appeal from an order dismissing with prejudice a petition for adoption.
The petition for a stepparent adoption was filed July 1981 alleging that appellant had given birth to a male child out of wedlock on August 23, 1976, and had subsequently married her husband, who was not the child's natural father, on March 4, 1977; that, since his birth, neither the child nor appellant had any contact with the child's natural father, who had never formally acknowledged the paternity nor provided support for the child; that the natural father had abandoned the child; and that because appellant's husband had come to love and care for the child as his own, he wished to adopt the child. The Florida Department of Health and Rehabilitative Services filed an answer to the petition on July 31, 1981, raising no objections to the petition.
On October 1, 1981, the stepfather was killed during the course of his employment. Thereupon, appellant filed a motion in the adoption proceeding for entry of a nunc pro tunc judgment of adoption. The motion was denied and the cause was dismissed with prejudice.
On appeal the question posed by appellant is "whether the theory of virtual adoption should be recognized so as to enforce an agreement to adopt." Thus, it appears that appellant has shifted her position on appeal somewhat from the position she took below. The trial court was presented with a petition for adoption and a motion to enter judgment of adoption after the petitioner's death, nunc pro tunc to a date prior to his death. As stated in her brief appellant contends now that "granting of the petition would have been equivalent to enforcing an agreement to adopt between the natural and adoptive parent."
*1205 It seems to us that the law of Florida is well settled that a petition for adoption cannot be granted posthumously. As this court held in Korbin v. Ginsberg, 232 So.2d 417, 418 (Fla. 4th DCA 1970):
A judgment or decree of adoption establishes the relationship of parent and child to the same extent as though the child had been born to such parent in lawful wedlock. Section 63.151, F.S. 1967, F.S.A. It is a personal relationship created between one capable of adopting and one capable of being adopted, and it necessarily requires that both the adopting parent and the adopted child be living at the time such relationship comes into being by judicial decree.
Therefore, the relief sought by appellant in the trial court could not be granted because the adopting parent was deceased.
Florida law does provide a remedy, however, in many of the cases like the present one where there was an actual agreement[1] between the natural and adoptive parents to adopt a child when the agreement is frustrated before it could be brought to fruition. See Sheffield v. Barry, 153 Fla. 144, 14 So.2d 417 (1943); Roberts v. Caughell, 65 So.2d 547 (Fla. 1953); Korbin v. Ginsberg, supra; Laney v. Roberts, 409 So.2d 201 (Fla. 3d DCA 1982).
In the Sheffield case the Supreme Court noted the difference between applying the equitable maxim that equity regards as done that which ought to have been done in a statutory proceeding seeking to establish an adoption and suit seeking specific performance of an agreement to adopt so that the child sought to be adopted will receive the benefits that would have flowed from the adoption, such as inheriting from the intestate estate of a would-be adoptive parent. There the court said:
We are convinced that this decision [holding no remedy for the beneficiary of a frustrated adoption contract] is at variance with other cases dealing with the same or similar facts because of the distinction  fine, nevertheless recognized by the authorities  between an action for specific performance to enforce the original contract thus placing the plaintiff in a position to profit from an intestate estate and specific performance to declare adoption effectual because legal proceedings to that end should have been instituted. To stress this distinction it is well to advert, for the moment, to the prayer of the bill  not that she be declared the adopted child of Alexander Edward Wittstock, but that the court grant her specific performance of the contract made with her mother and fully performed by the mother and her. She asked that the court adjudge her "entitled to such rights in the Estate * * * as [she] would have had if her adoption had been legalized according to the requirements of the laws of Florida." Her right to participate in the estate of Alexander Edward Wittstock had its foundation in the contract, although it was incidental to the relationship which he became obligated to establish.
We have the view that this relief was justified and that the equitable maxim is appropriate to the condition reflected in the pleading.
To summarize, the child to be adopted pursuant to an agreement between his natural parent and the adoptive parent cannot specifically enforce his adoption by the deceased adoptive parent. But because of the agreement he can obtain specific enforcement of the benefits that would accrue from such adoption. This remedy is sometimes referred to as an equitable adoption. The distinction was pointed up in Grant v. Sedco Corporation, 364 So.2d 774, *1206 775 (Fla. 2d DCA 1978) wherein the court said: "The nature of equitable adoption is a remedy in equity to enforce a contract right, not to create the relationship of parent and child."
In accord with the foregoing precedents we hold that appellant misconceived her remedy, if any. If there was an agreement by the deceased stepfather to adopt, the child may have a cause of action against the estate of the stepparent. However, neither the child nor the appellant can successfully seek a decree of adoption posthumously. That is what appellant prayed for below and the trial judge correctly denied the relief sought although he failed to state with specificity the grounds for dismissal as required by Section 63.142(3)(b), Florida Statutes (1981). The latter technical requirement has not been raised by appellant.
Upon remand appellant may be able to plead a cause of action pursuant to an agreement between the parties. So as to forestall any question of prior adjudication we modify the judgment appealed from so as to provide that it is without prejudice. As so modified we affirm the judgment.
LETTS, C.J., and GLICKSTEIN, J., concur.
NOTES
[1] Appellant contends the petition for adoption signed by both appellant and her husband constitutes a sufficient agreement to meet the requirements of the cited cases. We reject that contention. On that basis we could have a doctrine of virtual or equitable divorce where both parties sue for divorce but one dies before the case is concluded. This court recently reversed the entry of a nunc pro tunc decree of dissolution to antedate the death of one of the parties. Messana v. Messana, 421 So.2d 48 (Fla. 4th DCA 1982).