443 So.2d 249 (1983)
J.E.W., Appellant/Plaintiff,
v.
ESTATE OF John DOE, Appellee/Defendant.
No. AS-66.
District Court of Appeal of Florida, First District.
December 16, 1983.
Rehearing Denied January 17, 1984.
*250 John A. Barley, Tallahassee, for appellant/plaintiff.
Claire A. Duchemin, Roy C. Young and David G. Budd, of Young, van Assenderp, Varnadoe & Benton, Tallahassee, for appellee/defendant.
SHIVERS, Judge.
Action was brought pursuant to Florida Statutes Chapters 742, 732 and 86 against the Estate of John Doe by J.E.W.'s mother, as guardian and next friend of her minor child. A fair reading of the complaint indicates that it sought a declaration that J.E.W. is a pretermitted child entitled to a share equal to that which he would have received if John Doe had died intestate. The trial court dismissed appellant/plaintiff's complaint upon defendant's motion to dismiss and motion to strike. The trial court found that J.E.W. is not a pretermitted child entitled to inherit a share of John Doe's estate. We affirm without prejudice to appellant's right to bring an action to determine paternity incidental to relief other than the establishment of J.E.W. as a pretermitted child.
J.E.W. was born the illegitimate child of John Doe and an unmarried woman on December 16, 1966, while John Doe was married to his former wife. For a period of approximately nine years thereafter, John Doe acknowledged that he was the natural father of J.E.W., frequently provided J.E.W. with financial assistance, and promised to support, care for, and to adopt or otherwise legitimate J.E.W. On March 17, 1982, John Doe executed his Last Will and Testament. A Codicil to this Will was executed on April 21, 1982. Neither the Will nor the Codicil mentions or provides for J.E.W. The Codicil dated April 21, 1982, was the last testamentary instrument executed by John Doe prior to his death in 1982.
Based on the above facts, for purposes of this appeal uncontroverted, appellant argues that J.E.W. is a pretermitted child within the purview of Florida Statutes section 732.302. Appellant reasons that the provisions of section 732.302 of the Florida Probate Code are applicable to the instant case by analogizing an after-legitimated child with an after-born child, that is, that a child legitimated after the drafting of a natural parent's Will should be treated the same as a child adopted after the making of the adopting parent's Will. We disagree. Florida Statutes section 732.302 provides in pertinent part:
When a testator omits to provide in his will for any of his children born or adopted after making the will ..., the child shall receive a share of the estate equal in value to that he would have received if the testator had died intestate... . (emphasis added).
The unambiguous wording of section 732.302 is that a child born after the making of the testator's Will is entitled to an intestate share of that particular parent's estate. The section gives no indication that the term "born" means anything other than a physical birth. Compare In re Appeal of McCulloch, 113 Pa. 247, 6 A. 253, 255 (1886). Here, J.E.W.'s physical birth occurred in 1966. John Doe executed his Last Will and Testament some sixteen years later. Prior to his death, John Doe did not adopt J.E.W., legally or otherwise.[1] *251 Thus, J.E.W. was neither born nor adopted after the making of John Doe's Will. Accordingly, we hold that J.E.W. is not a pretermitted child within the purview of Florida Statutes section 732.302.
Our holding does not conflict with the purpose of Florida Statutes section 732.302. The purpose of this section is to avoid an unintentional or inadvertent disinheritance of a child. In re Hatfield's Estate, 153 Fla. 817, 16 So.2d 57, 59 (1943). Here, John Doe acknowledged J.E.W. as his child for a period of nine years after J.E.W.'s birth, according to appellant's complaint. It is unlikely that John Doe simply forgot that J.E.W. existed when preparing his Will, as appellant suggests. Rather, the more plausible explanation for the omission of J.E.W. from John Doe's Will is that John Doe intentionally did not provide for J.E.W. It is firmly rooted in our law that a parent may disinherit his or her children and this policy is subject to change only by the legislature. See Flagler v. Flagler, 94 So.2d 592 (Fla. 1957).
Appellant has argued to this court that a declaration of paternity is a prerequisite to a wide range of relief available to J.E.W., i.e., a family allowance, recovery for wrongful death and social security benefits, and that appellant should have been able to pursue these avenues of relief. We note, however, that a fair reading of appellant's complaint is that it sought a declaration of paternity incidental to the establishment of J.E.W. as a pretermitted child and that the complaint was not amended to specifically include these grounds of relief prior to its dismissal. We therefore conclude and hold that the trial court's judgment is affirmed without prejudice to appellant's right to bring an action to determine paternity incidental to relief other than the establishment of J.E.W. as a pretermitted child. A declaratory action pursuant to Chapter 86, Florida Statutes, would appear to be the appropriate vehicle to bring such an action. See Kendrick v. Everheart, 390 So.2d 53, 59 (Fla. 1980).
AFFIRMED.
MILLS and ZEHMER, JJ., concur.
NOTES
[1] The trial court found that John Doe never took the initial steps required for a virtual or equitable adoption in ruling on defendant's motion to dismiss and motion to strike. Appellant/plaintiff's complaint alleges only an agreement to adopt. This is insufficient to set forth a cause of action for equitable or virtual adoption. See Sheffield v. Barry, 153 Fla. 144, 14 So.2d 417, 420 (1943); Laney v. Roberts, 409 So.2d 201, 203 (Fla. 3d DCA 1982). We therefore find no error in the trial court's ruling on this point.