STONE, Judge.
This is an appeal from an order in a probate proceeding dismissing a Petition to Determine Virtual Adoption. The decedent, Marion Bentley Wall, was the grandmother and guardian of Terry Bentley and had custody of her grandson at the time of her death. Marion Wall specifically provided for Terry in her will. Through a guardian ad litem, Terry filed the petition to claim the benefits of the homestead law. Fla. Stat. § 732.401, § 732.4015; Fla. Const. Art. X, Sec. 4. The trial court determined that the doctrine of virtual adoption, sometimes referred to as equitable adoption, is inapplicable where the decedent dies testate. We affirm.
Virtual adoption is established when it is shown that the decedent agreed to adopt the child, the natural parent acted in reliance, and the child is treated as the child of the decedent. See In Re Heirs of Hodge, 470 So.2d 740 (Fla. 5th DCA 1985). See also, Roberts v. Caughell, 65 So.2d 547 (Fla.1953); Sheffield v. Barry, 153 Fla. 144, 14 So.2d 417, 420 (1943). Petitioner alleges such an agreement in this case.
The doctrine is usually applied in an intestate estate to give effect to the intent *532 of the parties on the theory that equity regards that as done which ought to have been done. Roberts, 65 So.2d at 548; Sheffield, 14 So.2d at 419. See also, Korbin v. Ginsberg, 232 So.2d 417 (Fla. 4th DCA 1970). Application of the doctrine, however, does not change the status of the child to that of a legally adopted child. See In Re Adoption of R.A.B., 426 So.2d 1203, 1206 (Fla. 4th DCA 1983); Grant v. Sedco Corp., 364 So.2d 774, 775 (Fla. 2d DCA 1978).
It is not necessary in this appeal for us to determine whether other circumstances might permit the finding of a virtual adoption in a testate estate. (For example, where the “adoption” is pretermitted and the testator had no opportunity to change the will.) See Thomas v. Maloney, 142 Mo.App. 193, 126 S.W. 522 (1910). See also, Annot. 97 A.L.R.3d 347 (1980). Nor is it necessary for us to determine whether a child who has otherwise been found to be entitled to the benefits of virtual adoption may make a claim under the Florida Homestead Law. See, e.g., Grant v. Sedco Corp., 364 So.2d 774. However, we do conclude that no such exceptional circumstances apply here. Accordingly, we affirm the judgment below.
HERSEY, C.J., and DOWNEY, J., concur.