513 So.2d 1311 (1987)
EVERGREEN SOD FARMS, INC. and Insurance Company of North America, Appellants,
v.
Vontarous McCLENDON, Appellee.
No. BM-373.
District Court of Appeal of Florida, First District.
September 24, 1987.
Rehearing Denied November 5, 1987.
*1312 Harry D. Robinson, of Harry D. Robinson, P.A., West Palm Beach, and Debra Levy Neimark, of Neimark & Neimark, Coral Springs, for appellants.
Thomas Montgomery, of Thomas Montgomery, P.A., Belle Glade, for appellee.
SHIVERS, Judge.
The employer/carrier (E/C) in this workers' compensation action appeal the deputy commissioner's award of death benefits to the appellee, Vontarous McClendon. We agree that the award of death benefits was erroneous, and reverse.
The original claimant, Lamar Tarver, was killed in a compensable industrial accident on January 26, 1984. Death benefits were sought by Mahala Tarver and Vontarous McClendon. Mahala Tarver, also known as Mahala Baker, was at the time of the hearing a 24-year-old woman related to the claimant by virtue of the fact that her natural mother, Clara Mae Baker, was the cousin of claimant's wife. When Mahala was approximately six months old her natural mother died, and Mahala lived at all times thereafter with Mr. and Mrs. Tarver, although she was never legally adopted by them. In 1979 Mahala gave birth to an illegitimate son whom she named Vontarous McClendon. Mahala dropped out of high school in the eleventh grade and, as of the time of the hearing, had never had a job. Both she and her son were totally supported by the claimant, Lamar Tarver.
After Mr. Tarver died intestate in 1984, the probate division of the circuit court entered an order determining Mahala to be the sole beneficiary of his estate on the basis of virtual adoption. Mahala was also listed as a personal representative of Tarver's estate, was a beneficiary on his life insurance policy, and was claimed by him as a dependent child on his 1981 and 1982 income tax returns. After a workers' compensation hearing the deputy commissioner entered an order denying Mahala's claim for benefits on the basis that she was over 18 years of age at the time of Tarver's death. Death benefits were awarded, however, to her son, Vontarous, on the basis that he was the acknowledged illegitimate child of Mahala, who was in turn a child of the claimant under the doctrine of virtual adoption.
Section 440.02(5), Florida Statutes, defines the terms "child" and "grandchild" as follows:
"Child" includes a posthumous child, a child legally adopted prior to the injury of the employee, and a stepchild or acknowledged illegitimate child dependent upon the deceased, but does not include married children unless wholly dependent on him. "Grandchild" means a child as above defined of a child as above defined... . "Child," "grandchild," "brother," and "sister" include only persons who at the time of the death of the deceased employees, are under 18 years of age, or under 22 years of age if a full-time student in an accredited educational institution. [Emphasis added.]
According to the statutory definitions, whether Vontarous was correctly awarded death benefits as a "grandchild" depends on whether Mahala meets the definition of "child," since there is no dispute that Vontarous is the "acknowledged illegitimate child [of Mahala who is] dependent upon the deceased." The issue before us, therefore, is whether the doctrine of virtual adoption may be applied to establish that Mahala should be treated as a "legally adopted" child within the meaning of the workers' compensation statute.
Although the workers' compensation statutes are to be liberally construed to effect coverage for the injured employee, *1313 "[w]orkmen's compensation is entirely a creature of statute and must be governed by what the statutes provide, not by what deciding authorities feel the law should be." J.J. Murphy & Son, Inc. v. Gibbs, 137 So.2d 553, 562 (Fla. 1962). Section 440.02(5) specifically includes within the definition of child those legally adopted prior to the injury of the employee. The term "legally adopted" is defined in Black's Law Dictionary to mean having been adopted in accordance with laws of the state. This can mean either that the adoption will be recognized under the general law of the state, including the decisional law of its courts, or that the adoption must have been accomplished by obtaining a court order in strict accordance with the statutes governing adoption found in chapter 63, Florida Statutes. We note that section 63.032(10) defines "adoption" to mean "the act of creating the legal relationship between parent and child where it did not exist, thereby declaring the child to be legally the child of the adoptive parents and their heir-at-law and entitled to all the rights and privileges and subject to all the obligations of a child born to such adoptive parents in lawful wedlock." Applying that statutory definition, the next question is whether the doctrine of virtual adoption may be applied to create such a legal relationship.
Virtual adoption may be established by showing the following elements: (1) an agreement to adopt the child between the natural and adoptive parent; (2) performance by the natural parents in giving up custody of the child; (3) performance by the child by living in the adoptive parent's home; (4) performance by the adoptive parent by taking the child into the home; and (5) the intestacy of the foster parent. Matter of Heirs of Hodge, 470 So.2d 740 (Fla. 5th DCA 1985). The doctrine was originally accepted in Florida in the supreme court decision in Sheffield v. Barry, 153 Fla. 144, 14 So.2d 417 (1943). It is predicated on principles of contract law and equitable enforcement of the agreement to adopt for the purpose of securing the benefits of adoption that would otherwise flow from the adoptive parent under the laws of intestacy had the agreement to adopt been carried out; as such it is essentially a matter of equitable relief. See also Roberts v. Caughell, 65 So.2d 547 (Fla. 1953). The purpose of the doctrine is to avoid unfair results from the application of the intestacy statutes, Laney v. Roberts, 409 So.2d 201 (Fla. 3d DCA 1982), and being only an equitable remedy to enforce a contract right, it is not intended or applied to create the legal relationship of parent and child. Grant v. Sedko Corp., 364 So.2d 774 (Fla. 2d DCA 1978); In re Adoption of R.A.B., 426 So.2d 1203 (Fla. 4th DCA 1983). Accordingly, the Second District, in Grant, concluded that the doctrine had "never been extended beyond decreeing in the child a right to inheritance or a right to receive as a beneficiary under some types of insurance policies," and held that the doctrine could not be applied to establish that one was a "minor child" entitled to rights under the Wrongful Death Act. Grant v. Sedko Corp., 364 So.2d at 775.
Therefore, although the elements of the doctrine may have been established in this case and although the doctrine was no doubt properly applied in the probate proceedings, we hold that virtual adoption does not create the legal relationship of parent and child within the meaning of "legal adoption" as required in the workers' compensation statute.
Since Mahala Tarver is not a "child" within the meaning of the statute, her son Vontarous cannot qualify as a "grandchild" within the meaning of the statute. Accordingly, the deputy commissioner's order granting death benefits to Vontarous McClendon is hereby reversed.
We recognize, however, that the equities are strongly with the appellee, and that the legal status of an adoptive child under the workers' compensation statute, just as the legal status of an heir under the intestacy laws, may be susceptible to the application of equitable doctrines to avoid manifestly unfair results such as we have now ordered in this case. Because the doctrine of virtual adoption was created in Florida law by supreme court decision and that court, not this, should announce its extension beyond *1314 present holding, and because a good case can be made for extending the doctrine of virtual adoption beyond the circumstances involved in the cited decisions of the supreme court and district courts of appeal to insure that the benefits which should flow from the adoptive parent will not be lost, we certify to the supreme court the follow question of great public importance:
MAY THE DOCTRINE OF VIRTUAL ADOPTION BE APPLIED IN A WORKER'S COMPENSATION PROCEEDING TO SUPPORT AN AWARD OF DEATH BENEFITS WHERE THE DEPENDENT CHILD'S MOTHER HAS NOT BEEN FORMALLY ADOPTED BY COURT ORDER UNDER CHAPTER 63, FLORIDA STATUTES.
REVERSED.
ERVIN and ZEHMER, JJ., concur.