533 So.2d 765 (1988)
Mahala TARVER, Petitioner,
v.
EVERGREEN SOD FARMS, INC., Respondent.
No. 71293.
Supreme Court of Florida.
November 17, 1988.
Thomas Montgomery of Montgomery and Washington, P.A., Belle Glade, for petitioner.
Harry D. Robinson of Harry D. Robinson, P.A., West Palm Beach, and Debra Levy Neimark of Neimark & Neimark, Coral Springs, for respondent.
OVERTON, Justice.
We have for review Evergreen Sod Farms, Inc. v. McClendon, 513 So.2d 1311 (Fla. 1st DCA 1987), in which the district *766 court certified the following question of great public importance:
MAY THE DOCTRINE OF VIRTUAL ADOPTION BE APPLIED IN A WORKER'S COMPENSATION PROCEEDING TO SUPPORT AN AWARD OF DEATH BENEFITS WHERE THE DEPENDENT CHILD'S MOTHER HAS NOT BEEN FORMALLY ADOPTED BY COURT ORDER UNDER CHAPTER 63, FLORIDA STATUTES.
Id. at 1314. We have jurisdiction. Art. V, § 3(b)(4), Fla. Const.
The issue concerns an award of workers' compensation death benefits to a six-year-old "grandchild," whose mother was determined by the probate court to have been virtually or equitably adopted by the employee killed in an industrial accident. The district court held that a virtual adoption is not "a legal adoption" as specified in section 440.02(5), Florida Statutes (1983), the Workers' Compensation Act, and, consequently, the dependency award must be set aside as unauthorized by the statute. We reluctantly agree.
The theory of virtual adoption, also referred to as "equitable adoption" or "adoption by estoppel," in many instances authorizes a claim for an intestate share of the foster parent's estate. See, e.g., In re Estate of Wall, 502 So.2d 531 (Fla. 4th DCA 1987); In re Heirs of Hodge, 470 So.2d 740 (Fla. 5th DCA 1985); J.E.W. v. Estate of Doe, 443 So.2d 249 (Fla. 1st DCA 1983), review denied, 451 So.2d 848 (Fla.), appeal dismissed, 469 U.S. 1030, 105 S.Ct. 499, 83 L.Ed.2d 392 (1984); Laney v. Roberts, 409 So.2d 201 (Fla. 3d DCA 1982); Roberts v. Caughell, 65 So.2d 547 (Fla. 1953). However, in Grant v. Sedco Corp., 364 So.2d 774 (Fla. 2d DCA 1978), the theory of virtual adoption has been held not to authorize a claim by a virtually adopted child under the Florida Wrongful Death Act. In Grant, the district court answered the following question in the negative: "Can the so-called doctrine of `equitable adoption' be applied to authorize a claim under the Florida Wrongful Death Act on behalf of a minor who is neither the natural child nor the legally adopted child of a decedent?" Id. at 774. The Second District noted that "[t]he nature of equitable adoption is a remedy in equity to enforce a contract right, not to create the relationship of parent and child." Id. at 775. Similarly, in In Re Adoption of R.A.B., 426 So.2d 1203 (Fla. 4th DCA 1983), the Fourth District relied on Grant and refused to enforce an agreement to adopt after the death of the prospective parent.
In this case, at the time of Lamar Tarver's death as a result of a compensable industrial accident, Mahala Tarver, a/k/a Mahala Baker, was twenty-one years old. From the time Mahala was six years old, she was dependent on Lamar Tarver and his wife, who had died in 1972. Vontarous is Mahala's illegitimate son and was six years old at the time of Lamar Tarver's death. Both Mahala and Vontarous were being fully supported by Lamar until his death, but neither was ever legally adopted by Lamar Tarver. Prior to the workers' compensation proceeding, the probate court, in administering the intestate estate of Lamar Tarver, expressly declared Mahala Tarver to be the adopted child of Lamar Tarver by virtual adoption.
The critical question in this workers' compensation proceeding concerns the application of section 440.02(5), as it applies to a determination of whether a child or grandchild is dependent under the provisions of chapter 440. Section 440.02(5) defines the terms "child" and "grandchild" as follows:
"Child" includes a posthumous child, a child legally adopted prior to the injury of the employee, and a stepchild or acknowledged illegitimate child dependent upon the deceased, but does not include married children unless wholly dependent on him. "Grandchild" means a child as above defined... . "Child," "grandchild," "brother," and "sister" include only persons who at the time of the death of the deceased employees are under 18 years of age, or under 22 years of age if a full-time student in an accredited educational institution.
*767 (Emphasis added.) The deputy commissioner interpreted legal adoption to include a virtual adoption, stating:
[I]t is not clear whether the order of the Probate Court establishing that Mahala Tarver was virtually adopted by Lamar Tarver meets the criteria of a legal adoption prior to the injury of the employee found in the workers' compensation statute. I have been unable to find any cases in which a child is, in effect, legally adopted after the death of a deceased employee, and it could certainly be argued that the order finding a virtual adoption merely confirmed an adoption that had in fact taken place before the death of the deceased employee.
13. In any case, a review of the cases clearly indicates that the statute is meant to be construed liberally toward minor children of a deceased employee, and since I feel that the evidence is quite clear that both Mahala Tarver and Vontarous McClendon were actually dependent on and lived with Lamar Tarver while he was alive, I find that Mahala Tarver should be considered to be a child legally adopted prior to the injury of Lamar Tarver so as to qualify her as a "child" of Lamer Tarver under the statute.
14... . I believe it is clear that Vontarous McClendon was dependent upon the deceased because he clearly was dependent upon his mother for support, and she in turn was dependent upon Lamar Tarver.
He concluded that the child was entitled to receive $43.06 per week in dependency death benefits. The district court succinctly set forth the issue as "whether the doctrine of virtual adoption may be applied to establish that Mahala should be treated as a `legally adopted' child within the meaning of the workers' compensation statute." 513 So.2d at 1312. In answering this question, the district court found that
although the elements of the doctrine may have been established in this case and although the doctrine was no doubt properly applied in the probate proceedings, we hold that virtual adoption does not create the legal relationship of parent and child within the meaning of "legal adoption" as required in the workers' compensation statute.
Id. at 1313.
We conclude, as did the district court, that the doctrine of virtual adoption was not intended to create the legal relationship of parent and child. Its purpose is to avoid unfair results from the application of intestacy statutes. It is not a doctrine that is utilized before the death of the adoptive parent. We find the statute contemplates that there not only be a legal adoption but that it occur prior to the injury of the employee. The clear intent of the statute is that there be a legal obligation of the adoptive parent-worker prior to the death or injury to that worker. We find the statute is unambiguous, and it would be improper for us to judicially amend the statute. This is a harsh result, which we suggest the legislature address.
Accordingly, we answer the question in the negative and approve in full the reasoning contained in the opinion of the district court of appeal.
It is so ordered.
EHRLICH, C.J., and McDONALD, SHAW, BARKETT, GRIMES and KOGAN, JJ., concur.