JOANOS, Judge.
In this workers’ compensation appeal, the children of the deceased employee seek review of the deputy commissioner’s order which determined that three minor children qualified as stepchildren of the deceased employee, and were thereby entitled to share death benefits equally with the employee’s natural children. We reverse.
On June 2, 1987, Stephen C. Williams was killed while acting within the course and scope of his employment with Freedom Trucking, Inc. At the time of his death, Williams had been estranged from his wife for approximately seven years, but he and his wife were never divorced. Although Williams provided no support to his estranged wife, he provided substantial support to his three children. When he died, Williams had been living out of wedlock with Sharon Nalle and her three minor children, to whom he also provided support. Williams was not the natural father of the Nalle children, nor had he adopted them.
The carrier paid benefits to each of the three Williams children and each of the three Nalle children at the rate of $55.00 per week per child. Thereafter, the carrier sought a determination of the parties entitled to receive death benefits under the workers’ compensation policy of insurance which would afford benefits to Williams, or, upon his death, to his survivors.
In an order dated June 1, 1988, the deputy commissioner found that each of the six children were dependent upon the deceased employee to the extent that they might be entitled to death benefits under the provisions of section 440.16, Florida Statutes. The deputy commissioner further found that although it was legally impossible for Williams to marry Sharon Nalle, thereby making her children his stepchildren, by any other measurement the Nalle children would be classified as stepchildren of Williams, and thus entitled to receive death benefits. The deputy commissioner then ruled that death benefits of $330.00 per week should be paid in equal $55.00 per week shares to each of the six children, i.e., the Williams children and the Nalle children.
We note at the outset that we find no merit in the constitutional argument advanced by employer and carrier in this case. Rather we find this court’s decision in Evergreen Sod Farms, Inc. v. McClendon, 513 So.2d 1311 (Fla. 1st DCA 1987), approved by Tarver v. Evergreen Sod Farms, Inc., 533 So.2d 765 (Fla.1988), is determinative of the question raised in this appeal. There, after reciting the rule that “[w]orkmen’s compensation is entirely a creature of statute and must be governed by what the statutes provide, not by what deciding authorities feel the law should be,” 513 So.2d at 1313, quoting J.J. Murphy & Son, Inc. v. Gibbs, 137 So.2d 553, 562 (Fla.1962), the court determined that the doctrine of virtual adoption does not *136 create the legal relationship required by the workers’ compensation statute.
Therefore, in accordance with Evergreen Sod Farms, Inc. v. McClendon, the order appealed is reversed and remanded for a determination of the additional benefits due the Williams children. In addition, on remand, the deputy commissioner should address the question of attorney’s fees for the Williams children in connection with the proceedings before the deputy.
Accordingly, this cause is reversed and remanded for further proceedings.
BOOTH and MINER, JJ., concur.