CAMPBELL, Judge.
Appellant challenges the dismissal of his petition for parental and grandparental visitation rights. We find no merit in appellant’s argument regarding grandparental visitation rights since he has no standing to bring an action for visitation on behalf of his mother. See ch. 752, Fla. Stat. (1995). We do, however, find merit in appellant’s argument that he is entitled to a determination of paternity before dismissal of his petition in regard to the request for his own visitation rights.
Appellant sought visitation rights to the minor child for himself and his mother. Appellee (maternal grandmother) responded to the motion and argued that the court had no jurisdiction to rule on appellant’s motion since the child was born out of wedlock, there had been no determination regarding paternity, and she was the guardian of the child pursuant to an award of temporary custody through the dependency court. The trial court dismissed appellant’s petition. On appeal, appellant contends that since his name is on the birth certificate, he has always held himself out to be the biological father of the *1117 child, and the family has always recognized him as such, he is entitled to a paternity test. We agree.
Chapter 742 provides a means for individuals to seek a determination of paternity when there is a legitimate interest in such determination. See Rogers v. Runnels, 448 So.2d 530 (Fla. 5th DCA 1984). While chapter 742 was initially intended to be the exclusive legal remedy for a mother to establish paternity, the statute does not preclude an action by a father to adjudicate paternity where necessary to determine certain existing rights. See Kendrick v. Everheart, 390 So.2d 53 (Fla.1980); Guerrero v. Staglish, 400 So.2d 190 (Fla. 3d DCA 1981)(recogniz-ing the right of a putative father to couple a request for visitation rights with an action seeking to adjudicate paternity).
In the instant case, the issue of paternity must be resolved before there can be a consideration of the visitation relief sought by appellant. Accordingly, we reverse the trial court order dismissing his petition for parental visitation rights. Although appellee argued on appeal that the action was properly dismissed since appellant erroneously cited to Florida Statute 744.301, we note that appellant filed his petition pro se. It is clear that appellant is entitled to relief even though his petition was not perfectly drafted.
Affirmed in part, reversed in part, and remanded for further consideration.
PARKER, C.J., and THREADGILL, J., concur.