828 So.2d 1050 (2002)
Sarah A. JOLLEY and Joseph R. Lucas, III, as Personal Representative of the Estate of William E. Young, Deceased, Appellants,
v.
SEAMCO LABORATORIES, INC. and Byron Lee Slater, Appellees.
No. 1D01-2260.
District Court of Appeal of Florida, First District.
October 16, 2002.
Robert F. Jordan of Jordan & Brannon, Lake City, for Appellants.
William T. Stone and Kelly W. Anderson, Jacksonville, for Appellees.
DAVIS, J.
Appellants, Sarah A. Jolley, the equitably adopted daughter of the late William E. Young, and Joseph R. Lucas, III, in his capacity as personal representative of the Young estate, appeal the Final Judgment entered in favor of appellees, Seamco Laboratories, Inc. and Byron Lee Slater, in the wrongful death action. Appellants argue that Grant v. Sedco Corporation, 364 So.2d 774 (Fla. 2nd DCA 1978), the only Florida opinion addressing whether the doctrine of equitable adoption is to be applied in an action brought under the Florida Wrongful Death Act, was wrongly decided. We disagree and affirm.
In Grant, the Second District held that an equitably adopted child cannot recover under the Florida Wrongful Death Act. 364 So.2d at 775. Because there is no interdistrict conflict on this issue, the Grant decision was binding on the trial court and judgment was properly entered against Sarah Jolley. See Pardo v. State, 596 So.2d 665 (Fla.1992); Weiman v. McHaffie, 470 So.2d 682, 684 (Fla.1985); see also Stanfill v. State, 384 So.2d 141, 143 (Fla.1980) ("The decisions of the district courts of appeal represent the law of Florida unless and until they are overruled by [the Supreme] Court....").
Although we acknowledge that the Florida Wrongful Death Act itself provides that it is remedial and to be "liberally construed," this court cannot construe the provision so "liberally" as to create a right of action that is not within the intent as shown by the statutory language used or *1051 otherwise reach a result contrary to the clear intent of the legislature. § 768.17, Fla. Stat. (2001); Stern v. Miller, 348 So.2d 303, 308 (Fla.1977). The Florida Wrongful Death Act defines survivors as "the decedent's spouse, children, parents, and, when partly or wholly dependent on the decedent for support or services, any blood relatives and adoptive brothers and sisters. It includes the child born out of wedlock of a mother, but not the child born out of wedlock of the father unless the father has recognized a responsibility for the child's support." § 768.18(1), Fla. Stat. (2001). The Florida Legislature was aware of the Grant opinion and yet found no need to amend the definition of survivors to include equitably adopted children when it amended the statute in 1981, 1989, 1990, and 1997. Collins Inv. Co. v. Metropolitan Dade County, 164 So.2d 806, 809 (Fla.1964) ("It is a rule of statutory construction that the Legislature is presumed to know the existing law when a statute is enacted. When a statutory provision has received a definite judicial construction, a subsequent re-enactment will be held to amount to a legislative approval of the judicial construction."); Stern, 348 So.2d at 307-308. We cannot provide a remedy where the legislature has failed to do so.
It is well-settled that the doctrine of equitable adoption is judicially created and used in intestacy proceedings to enforce an oral or written agreement to adopt in order to establish the adopted child's rights of inheritance. See Urick v. McFarland, 625 So.2d 1253, 1254 (Fla. 2nd DCA 1993); Grant, 364 So.2d at 775 ("The nature of equitable adoption is a remedy in equity to enforce a contract right, not to create the relationship of parent and child."). An equitably adopted child does not have all of the legal rights of a legally adopted child and this court will not create such rights within the context of the Florida Wrongful Death Act. The trial court did not err in entering a Final Judgment against Sarah Jolley.
AFFIRMED.
ERVIN and BOOTH, JJ., CONCUR.