FERNANDEZ, J.
Lyudmila Taran, guardian of her son, P.M., a minor and beneficiary of the Estate of James P. Maher, III, appeals the trial court’s denial of her motion for summary judgment, wherein the trial court found that A.M.I., appellee Olga Valeriev-na Iglikova’s daughter, is a pretermitted child. We reverse because A.M.I. does not qualify as a pretermitted child because she was born before the execution of the decedent’s will.
This case arises out of the probate of the estate of James P. Maher, III, who disappeared in 2004. On August 3, 2009, the trial court entered an order on Petition for Order Declaring Death of Missing Person and a presumptive Death Certificate. Maher’s last will and testament dated July 11, 2001 was admitted to probate on December 1, 2009.
The decedent fathered two children during his lifetime: P.M., the decedent’s son, of whom Taran is the legal guardian, born April 29, 1999; and A.M.I., Iglikova’s daughter, born on December 15, 2000. The decedent did not become aware of A.M.I.’s existence until either June or July of 2002. A paternity test conducted in either late 2002 or early 2003 confirmed the decedent’s paternity of A.M.I. The decedent thereafter made monthly child support payments to Iglikova for the benefit of A.M.I. These payments continued until the filing of the Petition for Administration on December 1, 2009. On August 10, 2005, a court order from the Commonwealth of Massachusetts directed that A.M.I.’s birth certificate be amended to reflect the decedent as the father.
On July 13, 2010, Iglikova filed a Petition to Determine Status as a Pretermitted Child, Challenge Construction of Will and Determine Beneficiaries. Taran filed a motion for summary judgment, asserting that A.M.I. was not a pretermitted child under section 732.302, Florida Statutes (2010), because she was (1) not omitted from the will, as she was included in a class gift for “children surviving [the decedent],” and (2) she was not born or adopted after the decedent executed the will. The trial court subsequently denied Taran’s motion for summary judgment and found A.M.I. to be a pretermitted child under the statute. The trial court subsequently denied Taran’s motion for summary judgment and found A.M.I. to be a pretermitted child under the statute.
We review the trial court’s denial of summary judgment de novo. Volusia County v. Aberdeen at Ormond Beach, L.P., 760 So.2d 126, 130 (Fla.2000). Summary judgment is proper if there is no genuine issue of material fact and if the moving party is entitled to judgment as a matter of law. Id. Statutory interpretation is a question of law subject to de novo review. GTC, Inc. v. Edgar, 967 So.2d 781, 785 (Fla.2007). When “the language of the statute is clear and unambiguous, and conveys a clear and definite meaning, there is no occasion to resort to the rules of statutory interpretation and construction; the statute must be given its plain and obvious meaning.” Id.
There are three elements that must be satisfied for a child to be pretermitted. The child must be: (1) omitted from the will, (2) born or adopted after the making of the will, and (3) have not received a part of the testator’s property equivalent to a child’s part by way of advancement. § 732.302, Fla. Stat. (2010). Section 732.302 specifically provides:
When a testator omits to provide by will for any of his or her children born or adopted after making the will and the *486 child has not received a part of the testator’s property equivalent to a child’s part by way of advancement, the child shall receive a share of the estate equal in value to that which the child would have received if the testator had died intestate, unless:
(1) It appears from the will that the omission was intentional; or
(2) The testator had one or more children when the will was executed and devised substantially all the estate to the other parent of the pretermitted child and that other parent survived the testator and is entitled to take under the will. The share of the estate that is assigned to the pretermitted child shall be obtained in accordance with s. 733.805.
Additionally, a child legitimized by a determination of paternity after the execution of a will is not a pretermitted child. J.E.W. v. Estate of Doe, 443 So.2d 249 (Fla. 1st DCA 1983).
Taran argues that A.M.I. is not a pretermitted child because she benefits from the will in that she shares in a class gift for “children” surviving the decedent, and she was born after the execution of the will. We agree.
Although not specifically named, A.M.I. is not “omitted” from the will because she stands to inherit from the will in the form of a class gift as a child of the decedent. Section 732.302 does not speak to the sufficiency or to the amount of the child’s beneficial interest. It only states that the child must be “omitted” to be pretermit-ted.
Furthermore, under the plain and obvious meaning of the statute, A.M.I. is not a pretermitted child because she was born before the execution of the decedent’s will. Iglikova argues that an adjudication of paternity should be equated with an adoption that took place after the execution of the will. We decline to adopt such a rationale, as the two are distinct. “ ‘Adoption’ means the act of creating the legal relationship between parent and child where it did not exist.” § 63.032(3), Fla. Stat. (2010). However, adjudication of paternity merely acknowledges an existing relationship. See e.g. Guerrero v. Staglish, 400 So.2d 190,191 (Fla. 3d DCA 1981). In addition, it is not within the purview of this Court to expand the meaning of the statute when its language is clear and unambiguous. Accordingly, we hold that the trial court erred when it denied Taran’s motion for summary judgment and determined A.M.I. is a pretermitted child.
Reversed and remanded for further proceedings consistent with this opinion.